266 So.2d 353 (1972)
Rosemary BOUDEN, Appellant,
v.
John WALKER, Appellee.
No. 71-736.
District Court of Appeal of Florida, Second District.
September 15, 1972.
Robert W. Beaudry, of Lyons & Beaudry, Sarasota, for appellant.
No appearance for appellee.
PIERCE, Chief Judge.
Appellant Rosemary Bouden, defendant below, seeks reversal of a final judgment, entered after a non-jury trial, awarding appellee John Walker, plaintiff below, the sums found due under an employment contract.
The parties had entered into a one year employment contract, effective August 1, 1965, providing in part:
"4. Walker shall receive as his compensation one-third (1/3) of the gross profit realized by Bouden on all such contracts after deducting freight computed at 5% of factory cost to Bouden. Gross profit shall be determined by accounting principles and practice used by Bouden in prior years and consistently applied during each year this agreement is in force."
The parties agreed that "gross profit" meant the gross sales price less manufacturer's cost.
From August 1, 1965, through June 1, 1966, Bouden, whose attorney prepared the contract, computed the commission by deducting the manufacturer's cost from the gross sales price to arrive at the "gross profit". The gross profit was then divided by three, and then five per cent was subtracted from the one-third of the gross *354 profit. In March or April, 1966, Walker objected to the method used, contending that the five per cent should have been deducted from the gross profit and then his one-third share determined, rather than deducting the five per cent from his one-third.
Bouden contends that the language of the contract was ambiguous and that the court should have looked to the construction of the contract made by the parties. While the trial Judge made no findings nor gave any reason for his holding, it is clear that he rejected appellant's argument since this was the precise point raised in appellant's motion for new trial.
It is a well recognized rule that in construing a contract where the terms are uncertain or doubtful, the interpretation placed upon it by the parties may be considered by the Court where it is not wholly at variance with the principles of correct legal interpretation of the terms of the contract, Orlando Orange Groves Co. v. Hale, 1935, 119 Fla. 159, 161 So. 284; Mileage Realty Company, Inc. v. Miami Parking Garage, Inc., Fla.App. 1962, 146 So.2d 403; Pembroke Park Lanes, Inc. v. High Ridge Water Co., Fla.App. 1965, 178 So.2d 37.
But there are other legal principles which must also be considered by the Court in construing a contract. A fundamental rule is that where the language is ambiguous or doubtful, such language should be construed against the party who drew the contract or chose the wording, Florida State Turnpike Authority v. Industrial Construction Company, Fla.App. 1961, 133 So.2d 115; Nat Harrison Associates, Inc. v. Florida Power & Light Company, Fla.App. 1964, 162 So.2d 298; 7 Fla. Jur., Contracts, § 87.
Another well-rooted principle is that the court will give a reasonable construction to a contract where that is possible and endeavor to give a just and fair construction most equitable to the parties, Hall v. Hardaker, 1911, 61 Fla. 267, 55 So. 977; James v. Gulf Life Ins. Co., Fla. 1953, 66 So.2d 62; Wilcox v. Atkins, Fla.App. 1968, 213 So.2d 879; White Star Realty Co. v. Schreiber, Fla.App. 1969, 229 So.2d 300. In the case sub judice, Bouden testified that the average freight charge on merchandise during the last few years was eight to ten per cent, and that she had the decorators pay five per cent and her shop paid the balance. Her intention was to split the freight cost down the middle. Walker testified that the average freight was never more than eight per cent, and that it was sometimes five per cent. Yet, under Bouden's method of computing Walker's commission, Walker was paying much more than half of the freight charge figured at a lower rate.
The construction placed upon the contract by Bouden was unjust and unfair to Walker, and since the contract was drawn by Bouden's attorney, the trial Judge properly construed the doubtful language against Bouden.
The judgment appealed is, therefore
Affirmed.
LILES, J., concurs.
MANN, J., concurs specially.
MANN, Judge (concurring specially).
I do not find the language ambiguous. From the sale price there is to be deducted, in arriving at "gross profit," the cost of goods plus five percent of that amount as an allowance for freight. Without regard to authorship, justice or fairness, the trial judge placed on the language of the contract the single meaning of which it is susceptible.