347 So.2d 627 (1977)
Sam KAUFMAN et al., Appellants,
v.
Ralph H. SHERE and Inez Shere, His Wife, Appellees.
No. 76-1429.
District Court of Appeal of Florida, Third District.
May 3, 1977.
Rehearing Denied July 27, 1977.
Becker & Poliakoff and George I. Platt, Miami Beach, for appellants.
Patton, Kanner, Nadeau, Segal, Zeller & LaPorte, Miami, for appellees.
Before PEARSON, BARKDULL and NATHAN, JJ.
NATHAN, Judge.
This is an interlocutory appeal and cross appeal from a partial summary judgment in a class action challenging the validity of a Rent Adjustment or "escalation" clause in a condominium recreation lease. The plaintiff Kaufmans are unit owners in Fifth Moorings Condominium and plaintiff Fifth Moorings Condominium, Inc., is the condominium association. Defendants Ralph Shere and the late Inez Shere, his wife, were officers and directors of the corporation which developed the Fifth Moorings Condominium, which is part of a complex that includes seven other condominiums. Defendants were also the lessors of the recreational facilities, which serve the entire Moorings complex.
The lease was assumed by all unit owners as a mandatory condition for purchasing their condominiums. In May of 1974, defendants demanded an increase in rent pursuant to the escalation clause, which calls for periodic rent adjustments in accordance with the Consumer Price Index. Plaintiffs initiated this action on July 1, 1975, seeking, inter alia, declaratory relief with respect to their rights and obligations under Florida Statutes § 711.236, which became law on June 5, 1975. Essentially, that section of the Condominium Act declares escalation clauses in condominium recreation leases void for public policy and prohibits their enforcement.
The trial judge did not pass on the constitutionality of retroactive application of Section 711.236, since he found that the legislature had declared escalation clauses to be *628 unenforceable prospectively only. He also ruled that the Declaration of Condominium by which Fifth Moorings Condominium was created and governed had provided for the adoption of future legislative acts as amendments to the Declaration and that Section 711.236 should therefore be given prospective operation and effect with respect to the Fifth Moorings Condominium.
In accordance with these findings, the trial court granted a partial summary judgment allowing the rent increase of May 21, 1974, but prohibiting any further rent escalations after June 4, 1975. Plaintiffs appealed the upholding of the May, 1974 increase, arguing that Section 711.236 should be applied retroactively. Defendants have cross appealed, asserting that Section 711.236 is unconstitutional and that the Declaration of Condominium should not be interpreted as incorporating the provisions of Section 711.236.
With regard to plaintiffs' argument that Section 711.236 should be applied retroactively, we find that the Florida Supreme Court's recent ruling in Fleeman v. Case, 342 So.2d 815 (Fla. 1977), is completely dispositive of this question. The Court there ruled that Section 711.236 is inapplicable to contracts which antedate its enactment. Thus, the trial judge properly refused to invalidate the rent increase of May 21, 1974, which occurred before the effective date of the statute.
The only remaining question is whether the Declaration of Condominium of Fifth Moorings was properly interpreted as including the prospective invalidation of escalation clauses mandated by Section 711.236.
The critical contested provision of the Declaration reads as follows:
"1. Except where variances permitted by law appear in this Declaration or in the annexed By-Laws or in the annexed Charter of FIFTH MOORINGS CONDOMINIUM, INC., or in lawful amendments thereto, the provisions of the Condominium Act as presently existing, or as it may be amended from time to time, including the definitions therein contained, are adopted and included herein by express reference."
Plaintiffs argue that this language clearly provides for the incorporation of Section 711.236 as part of the Declaration of Condominium,[1] while defendants contend that the quoted provision was applicable only where the Declaration was at variance with the Condominium Act at the time that the Declaration was filed. We do not find this latter argument persuasive.
The contested clause unequivocally states that provisions of the Condominium Act are adopted "as it may be amended from time to time." (Emphasis added.) We perceive no ambiguity in this language, and thus find that it was the express intention of all parties concerned that the provisions of the Condominium Act were to become a part of the controlling document of Fifth Moorings whenever they were enacted.[2] Even if we were to find an ambiguity, we would be forced to construe it against the defendant developer/lessors as authors of the Declaration of Condominium. See Bouden v. Walker, 266 So.2d 353 (2d DCA 1972); see generally 49 Am.Jur.2d, Landlord and Tenant, § 143.
We hold that the trial judge properly ruled as a matter of law that Florida Statutes § 711.236 was incorporated into the Fifth Moorings Declaration of Condominium by virtue of the express wording of the Declaration itself. In light of this holding, the prohibition against further rent increases subsequent to the effective date of Section 711.236 was also proper.
Affirmed.
NOTES
[1] Section 711.236 comes within Chapter 711, Florida Statutes (1975); Chapter 711 was known as the Condominium Act. Section 711.236 was created by Ch. 75-61, Laws of Florida and codified as § 711.231, Fla. Stat.
[2] Of course, such provisions would only be incorporated to the extent that they were valid, and thus Section 711.236 could only be adopted prospectively.