361 So.2d 128 (1978)
CENTURY VILLAGE, INC., Appellant,
v.
WELLINGTON, E, F, K, L, H, J, M, & G, CONDOMINIUM ASSOCIATION, Appellee.
No. 52528.
Supreme Court of Florida.
July 13, 1978.
*129 John B. McCracken of Jones, Paine & Foster, West Palm Beach, for appellant.
Rod Tennyson of Ombres, Powell, Tennyson & St. John, West Palm Beach, for appellee.
Robert L. Shevin, Atty. Gen., James D. Whisenand, Deputy Atty. Gen., and Thomas M. Pflaum, Asst. Atty. Gen., Tallahassee, for intervenor.
Jeffrey E. Streitfeld and Mark B. Schorr of Becker, Poliakoff & Sachs, Curtin R. Coleman of Coleman, Leonard & Morrison, and Davis W. Duke, Jr. of McCune, Hiaasen, Crum, Ferris & Gardner, Fort Lauderdale, for amicus curiae.
HATCHETT, Justice.
We have for review an order upholding the constitutionality of Section 711.63(4), Florida Statutes (Supp. 1974), which requires condominium unit owners to deposit *130 into the court registry pending litigation involving recreational leases. Jurisdiction vests pursuant to Article V, Section 3(b)(1), Florida Constitution. The order of the trial court is affirmed in part and reversed in part and remanded for further proceedings consistent with this opinion.

FACTS
In March, 1975, appellee condominium associations filed suit against Century Village, Inc., the appellant herein, challenging the validity of certain recreation leases and the rent escalation clauses contained therein. Pursuant to Section 711.63(4), as amended by Chapter 75-224, Section 10, Laws of Florida [renumbered Section 718.401(4)] the escalated portion of the disputed rents was deposited by the associations into the registry of the court to be held pending litigation. By stipulation, the parties later agreed to deposit the rents into an interest bearing account at a commercial bank to be distributed upon termination of the lawsuit to the prevailing party. The unescalated portion of the rents was remitted directly to appellant. Approximately one year later appellant challenged, by various motions and in several hearings, the rent deposit procedure. In an order denying appellant's motion to dissolve the escrow account, the trial court upheld the constitutionality of Section 711.63(4), determined that as amended by Chapter 75-224, Section 10, Laws of Florida, it was applicable to suits by condominium associations, and held that it applied retroactively. In a subsequent order, the trial court denied a motion to enter immediate defaults against the appellee associations for failure to make timely payments. These orders are consolidated for appeal.
The issues presented for our consideration are: (1) whether Section 711.63(4) applies retroactively; (2) whether, applied retroactively, it impairs vested contractual rights in violation of Article I, Section 10, Florida Constitution, and Article I, Section 10, United States Constitution; and (3) whether a condominium association may avail itself of the deposit provisions of Section 711.63(4), when it is bringing the action. In addition, appellant challenges the validity of the statute on due process grounds. We need not reach this issue, however, since it was raised for the first time on appeal. South Dade Farms, Inc. v. Peters, 107 So.2d 30 (Fla. 1958).

I
Section 711.63(4), Florida Statutes (1975) provides a procedure whereby a condominium unit owner bringing or defending an action on a recreational facilities lease pays rent accruing during the pendency of litigation into the court registry. It states:
(4) The lease shall provide, and if it does not so provide shall be deemed to provide, that in any action by the lessor to enforce a lien for rent payable with respect to leases under this section or any action by the association or a unit owner with respect to the obligations of the lessee or the lessor under the lease, the unit owner may raise any issue or interpose any defenses, legal or equitable, that he may have with respect to the lessor's obligations under the lease. If the unit owner initiates any such action or interposes any defense other than payment of rent under the lease, the unit owner shall pay into the registry of the court the accrued rent as alleged in the complaint or as determined by the court and the rent which accrues during the pendency of the proceeding, when due. Failure of the unit owner to pay the rent into the registry of the court as provided herein constitutes an absolute waiver of the unit owner's defenses other than payment, and the lessor shall be entitled to an immediate default. When the unit owner has deposited funds into the registry of the court as provided herein, the lessor may apply to the court for disbursement of all or part of the funds as may be shown to be necessary for the payment of taxes, mortgage payments, maintenance and operating expenses, and other necessary expenses incident to maintaining and equipping the leased facilities. The court, after preliminary hearing, may *131 award all or any part of the funds on deposit to the lessor or may advance the cause on the calendar and to a final resolution.
The leases sued upon antedate the passage of Section 711.63(4)[1] by the 1974 Legislature, its amendment by the 1975 Legislature, and its renumbering by the 1976 Legislature.[2] Therefore, the statute must be applied retroactively if it is to apply in this case. The presumption is that legislation is effective prospectively and will be given retroactive effect only when the act clearly and explicitly provides for such application. In Trustees of Tufts College v. Triple R. Ranch, Inc. 275 So.2d 521 (Fla. 1973) we stated:
The bias against retroactive legislation is deeply rooted in the Anglo-American law... . A statute will be construed as prospective only unless the intention of the Legislature to give it a retroactive effect is expressed in language to [sic] clear and explicit to admit of reasonable doubt. (footnotes omitted) At 524.
This principle was recently applied by this court to prohibit the retroactive application of Section 711.231, Florida Statutes (1975) (the escalation clause statute) in Fleeman v. Case, 342 So.2d 815 (Fla. 1976) and Section 711.66(5)(e), Florida Statutes, (1975), in Avila South Condominium Assn. Inc. v. Kappa Corp., 347 So.2d 599 (Fla. 1977).
The effective date of Section 711.63(4) is found in Section 19 of Chapter 74-104, Laws of Florida, which provides as follows:
Section 19. This act shall take effect October 1, 1974; provided however that nothing contained in sections 711.63 other than 711.63(4), and 711.64, Florida Statutes, shall affect:

(a) Rights established by contract for sale of a unit by a developer to a prospective unit owner prior to July 1, 1974.
(b) A condominium or a cooperative as to which rights are established by contract for sale of a unit in the condominium *132 or cooperative by the developer to a prospective unit owner prior to July 1, 1974.
(c) The form of a lease that would be otherwise subject to the requirements of section 711.63, Florida Statutes, if the lease from is established by contract for sale of a unit in any condominium or any cooperative by the developer to a prospective unit owner prior to July 1, 1974, which lease form may be used in the making of all leases of the leased property and as to such other property that may be added to the leased property in accordance with the terms of the lease;
(d) And provided further that if on October 1, 1974 there are less than six remaining unsold units in a condominium or cooperative in which there have been binding contracts for the sale of other units executed prior to October 1, 1974, then the requirements of 711.69, Florida Statutes, shall not be applicable to the sale or offering of such remaining unsold units; and provided further that nothing contained in section 711.65, Florida Statutes, shall affect a condominium or a cooperative as to which rights are established by contracts for sale of ten percent (10%) or more of the units in the condominium or cooperative by the developer to prospective unit owners prior to July 1, 1974, or as to condominium or cooperative buildings on which construction has been commenced prior to July 1, 1974. (emphasis added)
This section clearly and explicitly exempts Section 711.63(4) from the October 1, 1974 effective date and expressly provides for application to pre-existing contracts. As appellant points out, in Avila South we relied upon the same portion of Chapter 74-104 to hold that Section 711.66(5)(e) was not intended to apply retroactively. In that case we stated:
In support of the contention that Section 711.66(5)(e) was intended to have retroactive effect, appellants-petitioners rely on certain language in Ch. 74-104, § 19, Laws of Florida, creating Section 711.66 et seq., etc. Appellants-petitioners argue that Section 711.66(5)(e) "was not among those sections specifically deemed not to apply to pre-existing condominium contracts, thereby manifesting a legislative intent that it should apply." Brief for Appellants, page 9. But a statute "is not to be given retrospective application unless it is required by the terms of the Statute or it is unequivocally implied," Keystone Water Co. v. Bevis, 278 So.2d 606, 608 (Fla. 1973). The title of the enactment did not give notice of retroactivity, see Chiapetta v. Jordan, 153 Fla. 788, 16 So.2d 641, 645 (1944), and the language on which appellants-petitioners rely does not "unequivocally imply" a legislative intent that Section 711.66(5)(e) operate retroactively. (footnotes omitted) At 604.
From a reading of Section 19 it is clear that Section 711.66(5)(e) was not specifically excluded from the operative date. It is just as clear that Section 711.63(4) is excluded. We therefore hold that the provisions of Section 711.63(4) were intended by the Legislature to apply retroactively.

II
Next, we are asked to decide whether retroactive application of Section 711.63(4) may be accomplished without unconstitutionally abridging vested contractual rights. Because we find that appellant in this case, by specific language contained in its Declaration of Condominium, expressly agreed to be bound by all future amendments to the Condominium Act, including, but not limited to Section 711.63(4), we need not reach this constitutional question.[3]
*133 The submission statement contained in Century Village's Declaration of Condominium provides:
... [the developer] hereby states and declares that said realty, together with improvements thereon, is submitted to Condominium ownership, pursuant to the Condominium Act of the State of Florida, F.S. 711 Et. Seq. (hereinafter referred to as the "Condominium Act"), and the provisions of said Act are hereby incorporated by reference and included herein thereby ... . (emphasis added)
The "Condominium Act" referred to above is defined in Section I(G) as follows:
Condominium Act means and refers to the condominium act of the State of Florida (Florida Statute 711, et seq.) as the same may be amended from time to time. (emphasis added)
By express language, the declaration provided for the adoption of future legislative acts as amendments to the original declaration. Thus, the provisions of Section 711.63(4) were specifically incorporated by reference. This holding is consistent with that reached by the Third District Court of Appeal in Kaufman v. Shere, 347 So.2d 627 (Fla. 3d DCA 1977), cert. den., 355 So.2d 517 (Fla. 1978). In that case, the Third District Court interpreted a similar provision, also contained in a declaration of condominium[4] and held:
The contested clause unequivocally states that provisions of the Condominium Act are adopted "as it may be amended from time to time." (Emphasis added.) We perceive no ambiguity in this language, and thus find that it was the express intention of all parties concerned that the provisions of the Condominium Act were to become a part of the controlling document of Fifth Moorings whenever they were enacted. Even if we were to find an ambiguity, we would be forced to construe it against the defendant developer/lessors as authors of the Declaration of Condominium. See Bouden v. Walker, 266 So.2d 353 (2d DCA 1972); see generally 49 Am.Jur.2d, Landlord and Tenant, § 143. (footnotes omitted) At 628.
We therefore hold that because Section 711.63(4) is incorporated by reference as part of the controlling document of Century Village, no constitutional question of impairment of contract is raised.

III
Finally, we must determine whether a condominium association, suing on behalf of its unit owners, may avail itself of the deposit provisions of Section 711.63(4). Appellant argues that since the plaintiffs/appellees in this case are condominium associations, the deposit provisions of the statute are inapplicable. We agree. The language in Section 711.63(4) is clear and explicit. Only where a unit owner initiates an action or interposes a defense are the deposit provisions applicable. In cases where an association brings the action the unit owners must continue to pay accrued rent in accordance with the terms of the lease agreement. We reject the argument advanced by appellees that under the new class action rule adopted in Avila South, an association is identical to and standing in the place of the unit owner. In Avila, we extended a class action to an association under certain defined circumstances, but in no way attempted to equate an association with a unit owner for all purposes or for the purpose of the statute here under review. The terms "association" and "unit owner" are not interchangeable in this statutory context.
In Florida, condominiums are creatures of statute and as such are subject to the control and regulation of the Legislature. That body has broad discretion to fashion such remedies as it deems necessary to protect the interests of the parties involved. *134 Section 711.63(4) requires a unit owner to deposit rents with the court, and in the event he prevails, the return of any excessive rents paid is guaranteed without delay. It was within the discretionary power of the Legislature to extend this protection to cases where an association initiated suit. They did not and we cannot.[5]
However, under Fla.R.Civ.P. 1.600,[6] in any action in which part of the relief sought is judgment for a sum of money or the disposition of a sum of money, a party may deposit all or any part of such sum with the court upon notice to each party and with permission of the court. Thus, by rule, if not by statute, deposit of rents is authorized.
In addition, a trial judge may, in his discretion, fashion suitable remedies based upon the facts of particular cases to carry out the purposes of the rule and statute.
We hold that Section 711.63(4) was intended by the Legislature to be applied retroactively; that the Declaration of Condominium incorporated the Condominium Act as amended; that a condominium association bringing suit on behalf of its unit owners may not avail itself of the deposit provisions of the statute; and that trial judges are free to use Fla.R.Civ.P. 1.600, or other equitable deposit plans, to hold rent payments during litigation.
Accordingly, the order of the trial court is affirmed in part and reversed in part and remanded for proceedings consistent with the opinions expressed herein.
It is so ordered.
ENGLAND, C.J., and ADKINS, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.
BOYD, J., dissents with an opinion.
BOYD, Justice, dissenting.
It has long been constitutional law that temporary deprivation of payment under contract is impairment of the obligation of contract. Louisiana ex rel. Ranger v. New Orleans, 102 U.S. 203, 26 L.Ed. 132 (1880). At no time could it be more true than today, when rampant inflation is the norm.
The majority avoids this constitutional issue by ascribing to the landlord at the time it entered the Declaration of Condominium the intent to be bound by any amendment to the Condominium Act. I concede that the declaration contained an agreement to be bound by future amendments to the Act. But, in finding intent and construing contracts there is always room for common sense. To my mind, it defies reason to say that the landlord intended when it entered the declaration that it could be deprived of rental payment, even temporarily, by what it thought was an innocuous reference to the Condominium Act, a reference that is undoubtedly condominium contract boilerplate. If the Condominium Act were amended to take the full rental payments away from condominium landlords permanently I doubt the majority would so easily dismiss the constitutional issue. And I cannot dismiss the issue here since the deprivation suffered by the landlord so obviously is an impairment of his constitutional right to timely receipt of rental payments.
NOTES
[1] Section 711.63(4), Florida Statutes (Supp. 1974), provides:

The lease shall provide, and if it does not so provide, shall be deemed to provide, that in any action by the lessor to enforce a lien for rent payable with respect to leases under this section or any action by the association or a unit owner with respect to the obligations of the lessee or the lessor under the lease, the unit owner may interpose any defenses, legal or equitable, that he may have with respect to the lessor's obligations under the lease. If the unit owner interposes any defense other than payment of rent under the lease, the unit owner shall pay into the registry of the court the accrued rent as alleged in the complaint, or as determined by the court, and the rent which accrues during the pendency of the proceeding, when due. Failure of the unit owner to pay the rent into the registry of the court as provided herein constitutes an absolute waiver of the unit owner's defenses other than payment and the lessor shall be entitled to an immediate default. When the unit owner has deposited funds into the registry of the court as provided herein, the lessor may apply to the court for disbursement of all or part of the funds as may be shown to be necessary for the payment of taxes, mortgage payments, maintenance and operating expenses, and other necessary expenses incident to maintaining and equipping the leased facilities. The court, after preliminary hearing, may award all or any part of the funds on deposit to the lessor or may advance the cause on the calendar and to a final resolution of the cause.
[2] Section 718.401(4), Florida Statutes (Supp. 1976) provides:

In any action by the lessor to enforce a lien for rent payable or in any action by the association or a unit owner with respect to the obligations of the lessee or the lessor under the lease, the unit owner may raise any issue or interpose any defenses, legal or equitable, that he may have with respect to the lessor's obligations under the lease. If the unit owner initiates any action or interposes any defense other than payment of rent under the lease, the unit owner or the association shall pay into the registry of the court any allegedly accrued rent and the rent which accrues during the pendency of the proceeding, when due. If the unit owner fails to pay the rent into the registry of the court, it shall constitute an absolute waiver of the unit owner's defenses other than payment, and the lessor shall be entitled to default. When the unit owner has deposited the required funds into the registry of the court, the lessor may apply to the court for disbursement for all or part of the funds shown to be necessary for the payment of taxes, mortgage payments, maintenance and operating expenses, and other necessary expenses incident to maintaining and equipping the leased facilities. The court, after preliminary hearing, may award all or part of the funds on deposit to the lessor for such purpose.
[3] The decision not to reach the constitutional question is not suggestive of how that issue will be determined if squarely presented. The principle that courts will not determine constitutional questions where the case may be decided on other grounds is so central and elementary in the jurisprudence of this state and nation as not to be open to argument. State v. Dye, 346 So.2d 538 (Fla. 1977); Fleeman v. Case, 342 So.2d 815 (Fla. 1976); Division of Beverage v. Foremost-McKesson, Inc., 330 So.2d 143 (Fla. 1976); McKibben v. Mallory, 293 So.2d 48 (Fla. 1974).
[4] Except where variances permitted by law appear in this Declaration or in the annexed By-Laws or in the annexed charter of Fifth Moorings Condominium, Inc., or in lawful amendments thereto, the provisions of the Condominium Act as presently existing or as it may be amended from time to time, including the definitions therein contained, are adopted and included herein by express reference.
[5] In light of this determination, we need not reach the issue of whether or not the deposit provisions were available to a unit owner/plaintiff when this action was commenced.
[6] In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party may deposit all or any part of such sum or thing with the court upon notice to every other party and by leave of court. Money paid into court under this rule shall be deposited and withdrawn by order of court.