385 So.2d 103 (1980)
GOLDEN GLADES CLUB RECREATION CORPORATION, a Florida Corporation, Appellant,
v.
ASSOCIATION OF GOLDEN GLADES CONDOMINIUM CLUB, INC., a Florida Corporation Not for Profit, Appellee.
No. 79-558.
District Court of Appeal of Florida, Third District.
June 10, 1980.
Rehearing Denied July 7, 1980.
*104 Cypen & Nevins and Stephen H. Cypen, Miami Beach, Ira M. Elegant, Miami, for appellant.
Horton, Perse & Ginsberg and Arnold R. Ginsberg, Ivan S. Benjamin, Miami, for appellee.
Before SCHWARTZ, NESBITT and DANIEL PEARSON, JJ.
PER CURIAM.
Appellant, Golden Glades Club Recreation Corporation (lessor), appeals an adverse summary final judgment entered on behalf of appellee, Association of Golden Glades Condominium Club, Inc. (lessee). The effect of the summary final judgment was to deny the lessor's entire claim for unpaid rent and grant lessee's counterclaim for declaratory relief which determined that an escalation clause authorizing adjusted rentals based upon the cost of living index contained in a long term lease executed March 14, 1970 had been voided by the enactment of Section 711.231, Florida Statutes (1975).[1] The underlying basis for the declaration of the lessee's rights was that the long term lease incorporated the Condominium Act, Chapter 711, Florida Statutes (1969) by reference "as it may be amended from time to time." We affirm on the reasoning and authority of our decision in Kaufman v. Shere, 347 So.2d 627 (Fla.3d DCA 1977). See also Century Village, Inc. v. Wellington, Inc., 361 So.2d 128 (Fla. 1978).
The summary final judgment dismissed lessor's claim for all unpaid rent. We observe that Fleeman v. Case, 342 So.2d 815 (Fla. 1976) determined that Section 711.231, supra, was not retroactive. In Kaufman v. Shere, supra, we determined the cited statute became effective June 5, 1975. For these reasons as well as the lessee's commendable admission that the summary final judgment was overbroad and did not purport to determine the effect of unpaid rent as well as the effect of a release executed between the parties, we partially reverse the summary final judgment which may have foreclosed the parties from presenting testimony and evidence on those issues.
Affirmed in part; reversed in part and remanded.
NOTES
[1] Escalation clauses in leases were declared void under Section 711.236 as created by Chapter 75-61, Laws of Florida [codified as Section 711.231, Florida Statutes (1975)]. Currently, Section 718.401(8)(a), Florida Statutes (1979) encompasses the section referring to escalation clauses in leaseholds.