395 So.2d 1204 (1981)
CORAL ISLE EAST CONDOMINIUM and Coral Isle West Condominium, Appellants,
v.
Arthur I. SNYDER, Appellee.
No. 80-1398.
District Court of Appeal of Florida, Third District.
March 10, 1981.
Rehearing Denied April 14, 1981.
*1205 Nelson & Feldman and Michael K. Feldman, Martin L. Carlin and Gerald Forman, Miami, for appellants.
Lapidus & Stettin and Robert P. Frankel and Herbert Stettin, Miami, for appellee.
Before HENDRY, NESBITT and FERGUSON, JJ.
FERGUSON, Judge.
Pursuant to Section 718.401(4), Florida Statutes (1979), Coral Isle East Condominium and Coral Isle West Condominium as lessees placed in the registry of the court certain sums of money accruing for rentals under a ninety-nine year recreational leasehold agreement. Arthur I. Snyder as lessor moved to declare Section 718.401(4), Florida Statutes (1979) unconstitutional on the grounds that the statute had been adopted subsequent to the declaration of condominium of the lessee condominiums. By order of June 4, 1980 the Dade County Circuit Court declared that Section 718.401(4), Florida Statutes (1979) had been applied retroactively in violation of the contracts clause of the United States Constitution and the Florida Constitution. U.S. Const.Art. I, § 10; art. I, § 10, Fla. Const. (1968). The condominium associations appeal. We have jurisdiction to hear this interlocutory appeal under Fla.R.App.P. 9.130(a)(3)(C)(ii).
We reverse on the authority of Century Village, Inc. v. Wellington, E, F, K, L, H, J, M, & G, Condominium Association, 361 So.2d 128 (Fla. 1978) and Kaufman v. Shere, 347 So.2d 627 (Fla.3d DCA 1977), cert. denied, 355 So.2d 517 (Fla. 1978). See also Golden Glades Club Recreation Corp. v. Association of Golden Glades Condominium Club, Inc., 385 So.2d 103 (Fla.3d DCA 1980).
In Century Village, supra, the supreme court held that where Section 711.63(4),[1] now Section 718.401(4), is incorporated by reference as part of the controlling document of the condominium no constitutional question of impairment of contract is raised. The court cited our decision in Kaufman v. Shere, supra, finding that automatic incorporation occurs when the declaration of condominium "unequivocally states that provisions of the Condominium Act are adopted `as it may be amended from time to time.'" Id., at 133.
The declaration of the appellant condominiums provides:
The provisions of Chapter 711,[2]supra, including the definitions therein contained, are adopted herein by express reference as if set forth in haec verba, and said statute as amended from time to time, ... shall govern this Condominium and the rights, duties, and responsibilities of owners of condominium parcels therein.
Because we find this language indistinguishable from that in Kaufman, supra, we hold that Section 718.401(4), Florida Statutes (1979) is automatically incorporated into the declaration of condominium of Coral Isle East and Coral Isle West Condominium.
Appellee concedes that the declaration of condominium submits the ninety-nine year lease to the condominium form of ownership but argues that the declaration did not intend to submit the lessor's interest in the lease to third party modification. Appellee cites footnote three in Pomponio v. Claridge of Pompano Condominium, Inc., 378 So.2d 774 (Fla. 1979) in support of his theory that only rights of the lessee and not *1206 the interest of the lessor are subject to the automatic incorporation of statutory amendments. We are not persuaded. In this case, the appellants' interests in the ninety-nine year lease may not be modified by subsequent statutory amendment without the corresponding interest of the lessor also being subject to the same amendment. Mutuality of obligation is a basic tenet of contract law. City National Bank of Miami v. Citibank, N.A., 373 So.2d 703 (Fla.3d DCA 1979). Every obligation is the correlative of a corresponding right and when the right is destroyed the obligation is equally extinguished. See 1 Corbin, Contracts, § 2 (1963); 4 Williston, Contracts, § 610B (3d ed. Jaeger 1961).
The critical factor in Pomponio is not the distinction between lessor and lessee but, as specifically stated in footnote 3[3], the absence of automatic incorporation. Unlike Century Village, supra, Kaufman, supra, and the present case, the declaration of condominium in Pomponio, supra, did not incorporate subsequent statutory amendments.[4] This crucial distinction is made even more explicit by the provisions in section VII of the declaration and section XVII (D) and (K) of the long-term lease in Century Village, supra, and paragraph 8 of the declaration in Kaufman, supra, which expressly require the lessor's written signature and consent with respect to any modification or changes in obligation under the recreation lease. In each case, however, the court determined that the lessor, without written consent, was bound by the incorporated statutory amendments.
Because we find that Section 718.401(4), Florida Statutes (1979) is incorporated into the declaration of condominium of appellant condominiums, we also find Section 718.401(4) constitutional as applied to appellants.
Reversed and remanded for proceedings consistent with this opinion.
NOTES
[1] Section 711.63(4), Florida Statutes (Supp. 1974) was amended by the 1975 Legislature and renumbered to 718.401(4) by the 1976 Legislature. The statute was further amended by the 1979 Legislature to include "association" in addition to "unit owner" throughout subsection (4). Ch. 79-166, § 1, Laws of Fla.
[2] See note 1, supra.
[3] Pomponio, supra, 775 n. 3.
[4] Id. Neither the words "as amended from time to time" nor any other suggestion that the condominium be bound by future statutory amendments is found in the declaration of condominium in Pomponio.