WEBSTER, PETER D., Associate Judge.
Appellant S.O.C.I. Inc. is the successor lessor under eleven condominium recreation leases executed in 1970. All eleven leases contain rent escalation clauses. Each of the leases also clearly and unambiguously incorporates by reference “the Condominium Act of the State of Florida ... as the same may be amended from time to time.” In 1975, the Condominium Act was amended by the addition of section 711.231 [renumbered section 718.401(8)(a) ]. That amendment prohibited and declared void as against public policy “the inclusion or enforcement of escalation clauses” such as those contained in the eleven leases. In a prior appeal, the supreme court held that the 1975 amendment was “applicable and enforceable” with regard to the eleven leases because the parties had agreed to be governed by the Condominium Act, including amendments. Angora Enterprises, Inc. v. Cole, 439 So.2d 832 (Fla.1983), cert. denied, 466 U.S. 927, 104 S.Ct. 1710, 80 L.Ed.2d 183 (1984).
After remand to the trial court, appellant’s predecessor in interest amended its affirmative defenses to include a defense that application of the 1975 amendment to the leases violated its right under article I, section 10, of the United States Constitution to be free from legislative impairment of contracts, which right it did not knowingly and intelligently waive. The trial court granted a partial summary judgment against appellant’s predecessor in interest on the defenses, holding that, as a matter of law, there was no impairment of contract by virtue of the statutory amendment because the parties had agreed to be bound by amendments to the statute. Appellant appeals the partial summary judgment and the rental rate found applicable by the trial court after a non-jury trial, and appellee cross appeals, arguing that neither the rental rate found applicable by the trial court nor that urged by appellant is correct.
Appellant’s principal contention is that it was error for the trial court to refuse to receive evidence on the question of whether its predecessor intended to waive its constitutional right to be free from legislative impairment of contracts. In our opinion, there is no issue of legislative impairment of contract presented by the facts of this case, appellant’s argument to the contrary notwithstanding. Rather, we believe that this case involves nothing more than a question of contract law.
It is clear that the 1975 amendment to the statute does not, on its face, impair any contract right. Moreover, the amendment, as applied to the facts of this case, does *351 not interfere with any contract right. This is so because the supreme court has ruled that the amendment does not, of its own force, apply to leases, such as those involved here, entered into before the effective date of the amendment. Fleeman v. Case, 342 So.2d 815 (Fla.1976). The sole reason that the amendment is applicable to these leases is because the parties clearly and unambiguously contracted that it would be. Thus, the legislature has done nothing to impair these leases. To the extent that appellant must abide by the amendment, it must do so because of its own act — its agreement to be bound by future amendments.
Appellant argues that the trial court should have taken evidence to determine the intent of appellant’s predecessor when it included in the leases the language incorporating subsequent amendments to the Condominium Act. However, absent an ambiguity in the leases, there is nothing to construe, and no reason to take evidence. Unless the language is ambiguous, one party’s subjective intent is irrelevant. Appellant argues that there is a “latent” ambiguity; however, we find nothing ambiguous about the language employed, “latent” or otherwise.
The remaining issues raised by the appeal and cross appeal are without merit.
AFFIRMED.
STONE, J., concurs.
GUNTHER, J., concurs specially with opinion.