515 So.2d 1327 (1987)
ISLAND MANOR APARTMENTS OF MARCO ISLAND, INC., Appellant,
v.
DIVISION OF FLORIDA LAND SALES, CONDOMINIUMS AND MOBILE HOMES, and Paul Duika, Appellees.
No. 87-324.
District Court of Appeal of Florida, Second District.
November 18, 1987.
*1328 Donald G. Childs of Scuderi and Childs, Marco Island, for appellant.
Robin H. Conner, Staff Atty., Dept. of Business Regulation, Tallahassee, for appellee Div. of Florida Land Sales, Condominiums and Mobile Homes.
John M. Swalm III of Forsyth, Swalm and Brugger, P.A., Naples, for appellee Paul Duika.
LEHAN, Judge.
A condominium association which was created by the filing of its declaration of condominium in 1972, appeals from a declaratory statement of the Division of Florida Land Sales, Condominiums and Mobile Homes, that section 718.115(2), Florida Statutes (1985), which became effective January 1, 1977, is applicable to the condominium units represented by the Association. Section 718.115(2) provides:
Funds for the payment of common expenses shall be collected by assessments against unit owners in the proportions or percentages provided in the declaration. In a residential condominium, unit owners' shares of common expenses shall be in the same proportions as their ownership interest in the common elements.
We reverse.
We agree with the Association that article VI of the condominium declaration, which was adopted before section 718.115(2) came into effect, controls. Article VI provides that unit owners are to pay their respective shares of common expenses in varying percentages which are not necessarily in proportion to their ownership interests in the common elements. Under article VI, the percentages of the common expenses vary depending upon the square footage of the various units, with the largest unit being obligated for .68430 *1329 percent and the smallest units being obligated for .46953 percent. Article VI was consistent with the condominium act when the declaration was recorded. At that time, section 711.14(2), Florida Statutes (1971), which was amended in 1977 and renumbered as section 718.115(2), provided only that:
Funds for the payment of common expenses shall be assessed against unit owners in the proportions or percentages of sharing common expenses provided in the declaration.
For two reasons, section 718.115(2) does not ipso facto have a retroactive effect upon the preexisting condominium declaration in this case. First, the legislature did not so provide. See Seddon v. Harpster, 403 So.2d 409 (Fla. 1981). Second, even if the legislature had so provided, there would thereby have been an unconstitutional impairment of vested contract rights because, as we will explain, the declaration provides that an amendment to the declaration of the type represented by section 718.115(2) cannot be adopted in the manner by which appellees have argued, and the Division has ruled, it was adopted. See Fleeman v. Case, 342 So.2d 815 (Fla. 1976); Pepe v. Whispering Sands Condominium Association, Inc., 351 So.2d 755 (Fla.2d DCA 1977). Under the declaration, such an amendment can only be adopted by unanimous consent of all unit owners together with certain lienholders.
The issue before us is one of contract interpretation  whether the parties to the declaration agreed that a statutory amendment like that represented by section 718.115(2) would be incorporated into the condominium declaration as an amendment thereto.
The appellees, relying upon Angora Enterprises, Inc. v. Cole, 439 So.2d 832 (Fla. 1983), cert. denied, 466 U.S. 927, 104 S.Ct. 1710, 80 L.Ed.2d 183 (1984); Halpern v. Retirement Builders, Inc., 507 So.2d 622 (Fla. 4th DCA 1987); Kaufman v. Shere, 347 So.2d 627 (Fla. 3d DCA 1977), cert. denied 355 So.2d 517 (Fla. 1978); and Coral Isle East Condominium v. Snyder, 395 So.2d 1204 (Fla.3d DCA 1981), pet. for rev. denied, 407 So.2d 1105 (Fla. 1981), argue that, as held in Angora, "the parties had agreed to be governed by the Condominium Act, including amendments." Kosow v. Condominium Association of Lakeside Village, Inc., 512 So.2d 349 (Fla. 4th DCA 1987). The argument is that article I(A) of the declaration constitutes such an agreement because that article provides that amendments to the Condominium Act shall amend the declaration. The wording of article I(A), taken by itself, does support the argument. Article I(A) provides:
(A) Except where permissive variances therefrom appear in this Declaration, the Articles of Incorporation of the Association, ... which are attached hereto and made a part hereof, or any lawful amendments to said instruments, the provisions of the Condominium Act, including the definitions therein contained, are adopted herein by express reference as if set forth herein in haec verba, and the Condominium Act, as amended from time to time, and this Declaration, and the Articles of Incorporation and By-Laws of the Association as lawfully amended from time to time, shall govern this Condominium and the rights, duties and responsibilities of the owners of the Condominium Parcels therein.
Thus, the appellees' argument goes, the legislative amendment putting section 718.115(2) into effect amended article VI of the declaration pursuant to article I(A).
The argument must fail because, as the association argues, the parties to the declaration did not agree to so amend article VI. Article I(A) is not the only relevant provision in that regard. Pursuant to article VIII, it was specifically agreed that the types of provisions contained in article VI could not be changed without the agreement of all unit owners and certain lienholders. Article VIII in that regard provides:
No amendment shall change any Condominium Parcel nor a Condominium Unit's *1330 proportionate share of the common expenses or common surplus, nor the voting rights appurtenant to any Unit unless the record owner(s) and all record owners of mortgages or other voluntarily placed liens thereon shall join in the execution of the amendment.
Article VIII is consistent with statutory section 718.110(4) which provides:
Unless otherwise provided in the declaration as originally recorded, no amendment may change the configuration or size of any condominium unit in any material fashion, materially alter or modify the appurtenances to the unit, or change the proportion or percentage by which the owner of the parcel shares the common expenses and owns the common surplus unless the record owner of the unit and all record owners of liens on it join in the execution of the amendment and unless all the record owners of all other units approve the amendment.
Thus, as the association argues, the facts of this case are significantly different from those in Angora, Halpern, Kaufman, and Coral Isle. Whereas in those cases the governing documents were not shown to have said anything specific about amending the particular provisions of the documents sought to be amended (escalation clauses in those cases), here the declaration specifically says in article VIII that the particular provisions sought to be amended (those of the type in article VI which would be amended by incorporating section 718.115(2) into the declaration) cannot be amended without a unanimous vote of all unit owners and certain lienholders, which did not occur. Article VIII controls because of the well-settled rule of contractual construction that a provision specifically dealing with a particular subject controls over another provision only generally dealing with that subject. See Raines v. Palm Beach Leisureville Community Association, 317 So.2d 814 (Fla. 4th DCA 1975). Cf. Pfeiffer v. City of Tampa, 470 So.2d 10 (Fla. 2d DCA 1985).
The declaration thus provides that the method of apportioning common expenses shall not be changed unless all concerned agreed. While unit owners consented in the declaration to the incorporation of amendments to the condominium act, they did not consent to section 718.115(2) as to the apportionment of common expenses.
The appellees additionally argue that section 718.110(4) applies only "[u]nless otherwise provided in the declaration" and that article I(A) otherwise so provides. But, as we have said, because article VIII reflects the controlling agreement, the declaration here does not otherwise so provide.
We also do not agree with the appellees' argument that under the declaration amendments which have their derivation, pursuant to article I(A), from statutory amendments, such as that argued for pursuant to section 718.115(2), are to be in a different category from amendments voted upon by unit owners as provided in article VIII. Nothing in the declaration appears to support that argument. Indeed, article I(A) on which the appellees reply specifically says that there are excepted from the provisions of that article "variances ... [which] appear in this Declaration." Article VIII appears to represent such a variance. Also, article VIII provides that "no amendment" shall change a unit owner's proportionate share of common expenses without the requisite vote provided for in that article.
Nor do we agree with the argument that the Division's declaratory statement is entitled to a presumption of correctness. Just as we said in Palm Harbor Special Fire Control District v. Kelly, 500 So.2d 1382, 1387 (Fla. 2d DCA 1987) that "[w]e cannot conclude that an administrative agency, a part of the executive branch of government, can disregard an established judicial rule of statutory construction," so also such an agency cannot disregard an established judicial rule of contract construction.
Reversed.
DANAHY, C.J., and BOARDMAN, EDWARD F., (Ret.) J., concur.