DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DANIA BEACH BOAT CLUB CONDOMINIUM ASSOCIATION, INC.,**
a Florida not for profit corporation, **DANIA BEACH MARINA CORP.,** a
Florida profit corporation, and **MICHAEL LALLY,** an individual,
Appellants,

v.

**PIERRE FORCIER,**
Appellee.

No. 4D18-3511

[February 12, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit,
Broward County; William W. Haury, Jr., Judge; L.T. Case No. CACE16-
020450.

Joseph P. Klock, Jr. of Rasco Klock Perez Nieto, Coral Gables, for
appellants.

David A. Wallace and Morgan R. Bentley of Bentley & Bruning, P.A.,
Sarasota, and Albert A. Sanchez of Sanchez Law, PLLC, Sarasota, for
appellee.

KUNTZ, J.

Dania Beach Boat Club Condominium Association, Inc. appeals the
circuit court's declaratory judgment for Pierre Forcier, a unit owner. The
association also appeals the circuit court's award of attorney's fees in the
unit owner's favor as the prevailing party. We affirm the court's
judgment on the merits. But we dismiss for lack of jurisdiction the
association's appeal of the court's finding of entitlement to attorney's
fees.

*Background*

The association is a "commercial dry stack boat condominium
comprised of 210 boat racks." The unit owner owned one of the units.
After the association sought to terminate the condominium form of
ownership, the unit owner filed a five-count amended complaint against

the association alleging the termination violated the controlling declaration of condominium.

The main dispute at trial centered on the percentage of unit owners required to approve the termination of the condominium. The relevant part of the declaration provides:

13.1 <u>TERMINATION OF CONDOMINIUM</u>:

A. If all Unit Owners and the holders of all liens and mortgages upon all of the Condominium Parcels execute and duly record an instrument terminating the Condominium Property, or if "major damage" occurs as defined herein and subject to Section 9.1. C, the Condominium Property shall be removed from the provisions of the Condominium Act and thereafter owned in common by the Unit Owners. The undivided interest in the Condominium Property owned in common by each Unit Owner shall be 1/210.

B. If the Condominium is terminated, the Owners of the Units shall continue to be responsible for their share of the Common Expenses attributable to the Condominium Property and all other Association expenses, as set forth in this Declaration and the Bylaws, in proportion to their ownership interest as set forth in Section 13.1A above.

C. If the Owners of at least seventy-five (75%) percent of the Common elements elect to terminate, they shall have the option to buy the Units of the other Unit Owners (who desire to sell) for a period of sixty (60) days from the date of the meeting wherein the election to terminate was taken. The purchase price shall be the fair market value of the Common Elements purchased as determined in the following manner: [The terms of the appraisal process are omitted.]

The unit owner argued that paragraph 13.1.A. required the approval of "all" unit owners to terminate the condominium. The association argued it was operating under paragraph 13.1.C, which allowed for termination with the approval of 75% of the unit owners.

After a bench trial, the circuit court entered judgment for the unit owner, found the association's termination plan invalid, and found that the unit owner had "all rights, title and interest" in his specific unit. The

court also found the unit owner is entitled to attorney's fees as the prevailing party. The association appeals.

*Analysis*

*i.   The Court's Judgment on the Merits*

The association argues the court applied the incorrect version of section 718.117, Florida Statutes. It argues the court incorrectly applied section 718.117, Florida Statutes (2005), even though a 2007 amendment to section 718.117 was incorporated into the declaration. But the association's argument ignores the fact that it stipulated before and at trial that the 2005 version of the statute controls this dispute.

In fact, the association specifically argued to the circuit court that the statutory amendment could not be applied retroactively because of the declaration's specific language. For example, in a motion for summary judgment, the association argued that "[a]lthough the Florida Legislature amended section 718.117 to facilitate the termination of condominiums, the Florida Legislature's intent was that absent *Kaufman*[1] language, an amendment to the Condominium Act will not have retroactive application to a condominium's declaration."

A pretrial stipulation is binding on the parties and the court. *Palm Beach Polo Holdings, Inc. v. Broward Marine, Inc.*, 174 So. 3d 1037, 1039 (Fla. 4th DCA 2015) (quoting *Broche v. Cohn*, 987 So. 2d 124, 127 (Fla. 4th DCA 2008)). The association stipulated that the prior version of the statute applied and even argued it would be an unconstitutional impairment of contract to retroactively apply the statutory amendment. As a result, the association waived this argument.[2]

---

[1] *Kaufman v. Shere*, 347 So. 2d 627, 628 (Fla. 3d DCA 1977) (holding the association's declaration incorporated the statutory amendments to the Condominium Act because the declaration expressly adopted provisions of the Act "as it may be amended from time to time").

[2] We note that the result would not be different without the stipulation. The declaration in this case did not unambiguously provide that amendments to chapter 718 would be incorporated into the declaration. *See Dimitri v. Commercial Ctr. of Miami Master Ass'n*, 253 So. 3d 715, 718 n.2 (Fla. 3d DCA 2018) ("As the trial court correctly noted, later amendments to chapter 718 may alter the rights and duties of the parties to an existing declaration if the declaration specifically incorporates these amendments." (citing *Kaufman*, 347 So. 2d at 628)).

The association also argues paragraph 13.1.C. allowed dissolution even without the approval of all the unit owners. The plain language of that provision applied to unit owners "who desire to sell," and it set forth an appraisal process for those owners. But because the record indicates that the unit owner here did not "desire to sell," paragraph 13.1.C. did not apply.[3]

*ii. The Court's Finding of Entitlement to Attorney's Fees*

The association also appeals the circuit court's finding that the owner is entitled to attorney's fees as the prevailing party. A finding of entitlement to attorney's fees without a determination of the amount of fees is not appealable. *See, e.g., Alexopoulos v. Gordon Hargrove & James, P.A.*, 109 So. 3d 248, 250 (Fla. 4th DCA 2013) (citing *Winkelman v. Toll*, 632 So. 2d 130, 131 (Fla. 4th DCA 1994)).

The association's appeal of the court's finding of entitlement to attorney's fees is premature. As a result, that portion of the appeal is dismissed.

*Conclusion*

The circuit court's judgment for the owner is affirmed. The appeal of the finding of entitlement to attorney's fees is dismissed for lack of jurisdiction.

*Affirmed in part; dismissed in part.*

CIKLIN and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[3] The record shows the association did not follow the appraisal process outlined in paragraph 13.1.C. So even if paragraph 13.1.C. permitted dissolution absent unanimous consent, the dissolution still violated the rest of paragraph 13.1.C.