357 So.2d 249 (1978)
PALM-AIRE COUNTRY CLUB CONDOMINIUM ASSOCIATION NO. 2, INC., et al., Appellants,
v.
F.P.A. CORPORATION, etc., et al., Appellees.
F.P.A. CORPORATION, a Delaware Corporation, and Orleans Construction Co. of Florida, Inc., a Florida Corporation, Appellants,
v.
PALM-AIRE COUNTRY CLUB CONDOMINIUM ASSOCIATION NO. 2, INC., etc., et al., Appellees.
Nos. 77-1619, 77-1846.
District Court of Appeal of Florida, Fourth District.
April 10, 1978.
Rehearing Denied April 21, 1978.
*250 Jeffrey E. Streitfeld and Mark B. Schorr of Becker, Poliakoff & Sachs, P.A., Fort Lauderdale, for Palm-Aire Country Club et al.
Gerald Mager and Maurice M. Garcia of Abrams, Anton, Robbins, Resnick, Schneider & Mager, P.A., Hollywood, for F.P.A. Corp. et al.
ALDERMAN, Chief Judge.
Two interlocutory appeals involving the same parties and arising out of the same case have been consolidated.

Case No. 77-1619
The appellants, who were the plaintiffs in the trial court, are the lessees under a long-term condominium recreation lease. The appellees, who were the defendants, are the developers of the condominium and the lessors under the lease. The lessees, pursuant to Section 718.401(4), Florida Statutes (Supp. 1976), seek the right during the pending action to deposit with the registry of the court recreation lease rentals which have accrued and will become due in the future. The lessors, pursuant to the same statute, seek disbursement of any rentals deposited for the payment of mortgage payments due on a mortgage which encumbers the recreational facilities. The trial court granted both requests. Its order allows the lessees to deposit the rentals, but also allows the deposited funds to be disbursed to the lessors for payment of the mortgage. This first appeal involves only that part of the trial court's order that allowed the disbursement. We find no error and affirm.
The relevant portion of the statute provides:
When the unit owner has deposited the required funds into the registry of the court, the lessor may apply to the court for disbursement for all or part of the funds shown to be necessary for the payment of taxes, mortgage payments, maintenance and operating expenses, and other necessary expenses incident to maintaining and equipping the leased facilities. The court, after preliminary hearing, may award all or part of the funds on deposit to the lessor for such purpose.
*251 The lessees argue that the trial court exceeded its authority when it allowed disbursement for mortgage payments without a showing that the mortgage payments are "incident to maintaining and equipping the leased facilities." We think that the lessees have misconstrued the plain language of the statute when they maintain that the "mortgage payments" referred to in the statute must be "incident to maintaining and equipping the facilities." The same sentence of the statute further provides that funds on deposit may also be disbursed for the payment of taxes and taxes obviously are not used for maintaining and equipping the leased premises. In our opinion the phrase "incident to maintaining and equipping the leased facilities" refers to "other necessary expenses" and not to taxes or mortgage payments. We hold that under the statute the trial court, after preliminary hearing, may authorize the disbursement of all funds on deposit that are shown to be necessary for mortgage payments. It need not be shown that the mortgage payments are incident to maintaining and equipping the leased premises as long as the mortgage encumbers the leased premises.
Alternatively, plaintiffs argue that there was no showing before the trial court that it was necessary to use any part of the funds to make the mortgage payments. This argument is also without merit. The existence of the mortgage is in and of itself prima facie evidence of the need for the money. The mortgage contains an unconditional promise to pay and it encumbers the property. It is therefore necessary that the payments be made. This is sufficient to meet the requirement of the statute. It is immaterial that the lessors might be able to make the payments from other sources.
The trial court's initial order authorizing disbursement for mortgage payments is affirmed.

Case No. 77-1846
In the second appeal the positions of the parties are reversed, the lessors are appealing and the lessees are trying to uphold the trial court's order. Subsequent to the entry of the first order, the lessees filed another motion requesting that the previous order be modified to provide that that part of the payments representing the escalated portion of the rentals not be disbursed. The trial court granted this motion thereby preventing the lessors from utilizing that portion of the rent attributable to the escalation clause. We find this second order to be in error and reverse.
The lessees contend that the escalation portion of the recreation lease is unenforceable because Section 711.231, Florida Statutes (1975), declares escalation clauses in condominium recreational leases to be void and unenforceable. However, the Florida Supreme Court has determined that this statute is only prospective in application and does not apply to preexisting contracts. Fleeman v. Case, 342 So.2d 815 (Fla. 1976). The leases which are the subject of this appeal were in existence prior to the effective date of Section 711.231.
To avoid the holding in Fleeman the lessees rely on Kaufman v. Shere, 347 So.2d 627 (Fla. 3d DCA 1977). In Kaufman the court recognized that Section 711.231 does not have retroactive effect, but found that the declaration of condominium in that case, which antedated the enactment of the statute and which stated that "... the provisions of the Condominium Act ... as it may be amended from time to time ... are adopted and included herein by express reference," incorporated the provisions of the statute. The court then held that the specific statutory provision, declaring rent escalation clauses in condominium recreation leases to be void and unenforceable, had been incorporated into the declaration of condominium by the express wording of the declaration itself. The lessees argue that we should reach the same result in the present case. Simply stated, their position is that the condominium documents were automatically amended when the Condominium Act was amended. We reject this contention because, unlike Kaufman, the condominium documents in this case do not expressly adopt the provisions of the Condominium Act. In fact the lease provides for an exclusive method of amendment which does not include an automatic *252 amendment whenever there is a change in the Condominium Act. We conclude that the rent escalation clauses in the recreational leases have not been voided by virtue of an automatic amendment of condominium documents triggered by the adoption of Section 711.231. It follows that the rents deposited that are attributable to the escalation clauses are also subject to disbursement under the provisions of Section 718.401(4). The trial court's second order that the escalated portion of the rents may not be disbursed is reversed.
AFFIRMED as to Case No. 77-1619; REVERSED as to Case No. 77-1846 and REMANDED for further proceedings consistent with this opinion.
CROSS, J., concurs.
DAUKSCH, J., concurs specially.
DAUKSCH, Judge, concurring specially.
While I concur with the majority opinion as a correct statement of the law, I do not recede from my dissent in The Renaissance of Pompano Beach, Inc., v. Southeastern Development Corp., 353 So.2d 105 (Fla. 4 DCA 1977) as it may apply to this case.