DAUKSCH, Judge.
At issue in this interlocutory appeal is an order granting Appellees' petition for withdrawal of rental deposits from the court registry pursuant to Section 718.401(4), Florida Statutes (1977).
Appellants, the plaintiffs below, are the condominium association and individual unit owners who are lessees under a long-term condominium recreation lease. Appellees, the defendants below, include the condominium developer (Hollywood Beach Hotel Development Co., Inc.) and the lessor under the recreation lease (Hillcrest Management Company).
*548 Following the commencement of their action against Appellees, Appellants began depositing monthly rentals due under the recreation lease into the court registry as permitted by Section 718.401(4), Florida Statutes (1977). The monthly deposits amounted to $9,345. Some three months later, Appellees petitioned for withdrawal of the deposited funds from the registry, alleging that Section 718.401(4), Florida Statutes (1977) is unconstitutional and, alternatively, that the deposited funds are needed for the “payment of taxes, mortgage payments, maintenance and operating expenses, and other necessary expenses incident to maintain and equipping the leased facilities.”
The lower court declined to rule on the constitutionality of Section 718.401(4), Florida Statutes (1977), but ordered the clerk of the court to disburse to Appellees the sum of $5,130 each month from the monthly deposits made intó the registry by Appellants. The court specifically found that the evidence showed that the deposited funds were needed for purposes set forth in Section 718.401(4), Florida Statutes (1977).
The testimony of the executive vice-president of the development company, who was the sole witness at the hearing, established that the developer owns the recreation facility and maintains a subsidiary, Hillcrest Management Company, to manage and maintain the recreation facility. It is undisputed in the record that more than one half of the money which the developer requested from the court registry was to be used for expenses incurred by Hillcrest Management Company in maintaining its own business. For example, the developer sought funds to pay taxes but these are taxes on the developer’s office building, located across the street from the recreation facility, in which Hillcrest Management Company maintains its offices. Other expenses listed include salaries, employee benefits, telephone, utilities, insurance, and office supplies. These are all expenses involved in the operation of the management company’s office. The only listed expense which may be directly related to the recreation facility is a $2,185 monthly mortgage payment. The sole witness testified that the mortgage encumbers the recreation facility. However, no documentary evidence of the note or mortgage was offered at the hearing. This would have been the primary and best evidence of the existence of a mortgage. Appellants’ counsel appropriately objected to the secondary evidence.
The relevant portion of Section 718.-401(4), Florida Statutes (1977) provides:
“When the unit owner has deposited the required funds into the registry of the court, the lessor may apply to the court for disbursement for all or part of the funds shown to be necessary for the payment of taxes, mortgage payments, maintenance and operating expenses, and other necessary expenses incident to maintaining and equipping the leased facilities.” (Emphasis supplied.)
First, with regard to mortgage payments, if the mortgage encumbers the leased facility, the lessor is entitled to disbursement of deposited funds to make the payments. Palm-Aire Country Club Condominium Association No. 2, Inc. et al. v. F. P. A. Corporation, etc., et al., 357 So.2d 249 (Fla. 4 DCA 1978). However, this presupposes proof of the existence of the mortgage and that it encumbers the recreation facility. It was error to order disbursement of deposited funds for mortgage payments in the absence of documentary proof establishing the mortgage.
With regard to the disbursement of funds to cover expenses incurred by the management company in operating, maintaining and equipping its own office, not the recreation facility, an implicit finding in Palm-Aire Country Club Condominium Association No. 2, Inc. et al., supra, is that the deposited funds must be needed for expenses directly related to the leased premises. While we found in Palm-Aire, supra, that the phrase “incident to maintaining and equipping the leased facilities” refers to “other necessary expenses”, it is still true that deposited funds can be used only for expenses in some way directly related to the recreation facility. For example, such *549 funds can be used for mortgage payments only if the mortgage encumbers the leased premises. Deposited funds could not be used to make payments on a mortgage encumbering some other property which is not the subject of the lease. Similarly, “taxes” means taxes on the recreation facility and “maintenance and operating expenses” refers to expenses directly relating to the recreation facility. Any other interpretation of the statute would strain logic and would permit disbursement for purposes clearly not contemplated by the statute.
The part of the order disbursing funds for expenses incurred by the management company in operating its own office is reversed. The cause is remanded for further evidentiary proceedings concerning the existence of the mortgage covering the leased facilities.
REVERSED and REMANDED.
CROSS and LETTS, JJ., concur.