DOWNEY, Chief Judge.
While this suit attacking, among other things, a long term recreational lease was pending, appellants have been paying the rental payments on the recreational lease into the Registry of the Court pursuant to Section 711.63(4), Florida Statutes (1975) (now 718.401(4)), Florida Statutes (1976). Appellees Gilmans and Builders Investment Group obtained an order from the trial court allowing disbursement from the funds in the Court registry for the purpose of making mortgage payments on a mortgage encumbering the property involved in the recreational lease. It is this order which is being appealed.
We have considered appellants’ argument the thrust of which is that, since the mortgage in question initially covered lands other than those covered by recreational lease, the trial court erred in not apportioning the amount to be disbursed for the mortgage payments. The only land presently covered by the mortgage is the land covered by the recreational lease. We find that appellants have not demonstrated error. The rationale of Palm-Aire Country Club Condominium Association No. 2., Inc. v. F. P. A. Corporation, 357 So.2d 249 (Fla. 4th DCA 1978), supports the trial judge’s ruling.
Accordingly, the order appealed from is affirmed.
AFFIRMED.
CROSS and DAUKSCH, JJ., concur.