370 So.2d 1227 (1979)
Benjamin COLE, et Ux., et al., Appellants,
v.
ANGORA ENTERPRISES, INC., Etc., et al., Appellees.
No. 77-712.
District Court of Appeal of Florida, Fourth District.
May 16, 1979.
*1228 Jeffrey E. Streitfeld, of Becker, Poliakoff & Sachs, P.A., Fort Lauderdale, for appellants.
Robert S. Levy, West Palm Beach, for appellees.
BERANEK, Judge.
Appellant seeks reversal of an order dismissing certain counts of a third amended complaint with prejudice. This was a suit by plaintiffs attacking a condominium recreation lease. Count III relates generally to a theory of unconscionability. Count IV seeks to assert the homestead character of the condominium property as a bar to foreclosure. Count VIII seeks a declaratory judgment to the effect that the long-term recreational lease and foreclosure provisions violate Section 689.18 Florida Statutes (1977) which prohibits certain capital reverter or forfeiture provisions as unreasonable restrictions on alienation of real estate.
On appeal we find that appellant has one meritorious point. We find that the Court below erred in dismissing Count III of the third amended complaint with prejudice. The complaint was properly dismissed but plaintiff should have been given an opportunity to further amend to allege a cause of action based upon unconscionability. This result is based on Avila South Condominium Association, Inc. v. Kappa Corporation, 347 So.2d 599 (Fla. 1977), which was not available to the trial court at the time of the ruling complained of.
As to Count IV, we find the dismissal with prejudice by the trial court to be correct. This count was based on the theory of homestead and this theory has been rejected in Bessemer v. Gersten (Fla. 1979), Case No. 52,264, Decision of February 8, 1979.
We also find the trial court's dismissal with prejudice of Count VIII to have been correct.
The order below is affirmed in part and reversed in part and the matter remanded for further proceedings consistent herewith.
AFFIRMED IN PART, REVERSED IN PART, REMANDED.
DOWNEY, C.J., and LETTS, J., concur.