403 So.2d 1010 (1981)
Benjamin COLE and Miriam Cole, His Wife, et al., Appellants,
v.
ANGORA ENTERPRISES, INC., Etc., et al., Appellees.
Nos. 79-2269, 80-939.
District Court of Appeal of Florida, Fourth District.
July 15, 1981.
Rehearings Denied October 8, 1981.
*1011 Mark B. Schorr and Jeffrey Streitfeld of Becker, Poliakoff & Streitfeld, P.A., Fort Lauderdale, for appellants.
Maurice M. Garcia of Abrams, Anton, Robbins, Resnick, Schneider & Mager, P.A., Hollywood, for appellee Kosow.
Robert S. Levy of Law Offices of Robert S. Levy, P.A., West Palm Beach, for appellees Angora, Lakeside Village, Viking CoDev, and American Capital Corp.
LETTS, Chief Judge.
Before us is yet another appeal emanating from a condominium dispute over a long term recreational lease and a trial judge's order permitting disbursement of moneys held in the registry of the court pursuant to Section 718.401(4) and 718.401(8), Florida Statutes (1977). As a result the trial judge also awarded attorneys fees to the lessor under the lease. We reverse in part and in so doing consider only those facts and legal issues which are dispositive of this particular litigation.
We are, of course, familiar with the Supreme Court's decision in Pomponio v. Claridge of Pompano Condominium, Inc., 378 So.2d 774 (Fla. 1979) holding this very statute unconstitutional. However, Pomponio is not dispositive of the case now before us by reason of the Supreme Court's own concluding Pomponio language holding that the statute may be valid if the lessor's express consent to the statute's incorporation into the terms of the contract has been obtained.
We must, therefore, first answer the question: Has the lessor expressly consented to the statute's incorporation into the terms of the contract in the case now before us? We believe the answer is "yes." In support of our conclusion we refer to the Supreme Court's ruling in Century Village, Inc. v. Wellington, E, F, K, L, H, J, M, & G, Condominium Association, 361 So.2d 128 (Fla. 1978)[1] where the court found that it need not reach the constitutional question because the developer "by specific language contained in its Declaration of Condominium, expressly agreed to be bound by all future amendments to the Condominium Act, including, but not limited to Section 711.63(4)."[2] Id. at 132. We are of the opinion that the language quoted from the declaration in Century Village is virtually identical to the language employed in the declaration now before us and they are set forth below for comparison:

 CENTURY VILLAGE DECLARATION DECLARATION NOW BEFORE US
... [the developer] hereby states ANGORA ENTERPRISES, INC. hereby states
and declares that said realty, ... and declares that said realty,
together with improvements thereon, together with improvements thereon, is
is submitted to Condominium submitted to Condominium ownership,
ownership, pursuant to the Act of pursuant to the Condominium Act of the
the Condominium State of Florida, State of Florida, F.S. 711 et seq.
F.S. 711 Et Seq. (hereinafter (hereinafter referred to as the
referred to as the "Condominium "Condominium Act"), and the provisions
Act"), and the provisions of said of said Act are hereby incorporated by
Act are hereby incorporated by reference and included herein thereby
reference and included herein ... .
thereby ... .
The "Condominium Act" referred to (Subsection G of Article I defines
above is defined in Section I(G) as condominium act as follows:)
follows:
*1012 Condominium Act means and refers to Condominium Act, means and refers to
the condominium act of the State of the Condominium Act of the State of
Florida (Florida Statutes 711, et Florida (F.S. 711 et seq.)
seq.)
as the same may be amended from time as the same may be amended from time
to time. 361 So.2d 128, 133. to time. (R.S. 2-3)
(emphasis in original).
 (Emphasis added).

Notwithstanding the above, the lessor argues that such language comes from the "submission statement" portion of the subject declaration and that in counsel's words "The submitted property ... does not include (and no argument is made that it includes) the property which forms the subject matter of the Long-Term Lease." From this counsel for the lessor in an excellent brief concludes:
Since the leased property is not part of the realty submitted to condominium pursuant to the Condominium Act, as that term is defined in the Declaration, the demised property and the lease itself are unaffected by the submission... . The submission statement only relates to condominium property, not leased property or any other parcel.
We are impressed by this argument, but cannot distinguish it from the Supreme Court's holding in Century Village. The lessor suggests that this argument was never raised in Century Village and the point therefore not considered. However, whether specifically raised or not, the point would have to be inherent in the Century Village holding. Moreover we feel that fundamental fairness should dictate otherwise. The subject submission statement makes at least three patent references to the long term lease which is annexed thereto as an exhibit. As such, it was obviously intended to be an integral part of the whole. One cannot issue forth with language in the submission statement such as: "which long-term lease is attached to this Declaration and made a part hereof" and then argue that that same lease is not a part thereof pursuant to the condominium act.
We thus decide that Section 718.401(4) is applicable and enforceable under the facts of the instant case. That being so it is also inescapable that Section 718.401(8) is also applicable so that the enforceability of the rent escalation clause is void for reasons of public policy. In so holding we recede from any statement to the contrary set forth in our prior decision in Palm Aire Country Club Association No. 2, Inc. v. F.P.A. Corporation, 357 So.2d 249 (Fla. 4th DCA 1978) even though the instant lease, as did the one in Palm Aire, provides for its own exclusive method of amendment.
Concluding on this question, we would be less than candid not to concede that it appears unlikely that it could ever have been the specific intention of the developer-lessor to incorporate future Condominium Act amendments which would, for instance, preclude the collection of escalation clause rents. It is perfectly obvious that the "from time to time" language was intended to provide a safety valve and fall back position for the developer to insure the continuing integrity of the condominium from the vagaries of the legislature and the appellate courts. However, the developer-lessor should not expect to be able to invoke the "from time to time" language when it suits its purpose to do so and reject it when not to its taste and advantage. The developer-lessor has quite simply been hoisted on its own petard by these particular amendments.
Having decided the applicability of the statute, we turn now to a new twist which must be a credit to the ingenuity of this particular lessor. As we have seen, Section 718.401(4) also provides for disbursement of funds "shown to be necessary for the payment of ... mortgage payments." Pursuant to this provision the instant lessor, while in the middle of this law suit, has assigned his long-term lease to a third party who, for no money down, has given the lessor back a purchase money mortgage and *1013 note at 6% with no personal liability to the maker. Needless to report it is now claimed that the payments to be made on the purchase money mortgage qualify as "mortgage payments" under the statute which may be withdrawn from the registry of the court. To cries of "foul" from the unit owners, the lessor points to our own language in Palm Aire, supra, and parodies Gertrude Stein to the effect that "a mortgage is a mortgage is a mortgage."
Regardless of the bona fides of the mortgage, the record reflects that the assignee accepted the assignment with notice of the dispute over the rents. This being so, it is not important whether the purchase money mortgage and note were executed at arms length, it being our conclusion that an assignee with notice accedes to no greater rights than his assignor. Florida East Coast Ry. Co. v. Eno, 128 So. 622 (Fla. 1930), Alderman Interior Systems, Inc. v. First National-Heller Factors, Inc., 376 So.2d 22 (Fla. 2d DCA 1979). As a consequence, since the assignor was without power to withdraw the funds (other than for purposes conceded by all parties, such as payment of the institutional mortgage) the assignee must be likewise impotent to do so. Our conclusion is not a finding that the purchase money mortgagor need not make his payments; it is, however, a holding that he cannot withdraw the funds to do so from the registry of the court.
Passing next to the question of attorneys fees, we note the provisions of Section 718.125, Florida Statutes (Supp. 1978) which provides:
If a contract or lease between a condominium unit owner or association and a developer contain a provision allowing attorneys fees to the developer, should any litigation arise under the provisions of the contract or lease, the court shall also allow reasonable attorney's fees to the unit owner or association when the unit owner or association prevails in any action by or against the unit owner or association with respect to the contract or lease.
Notwithstanding the foregoing quoted language the trial court struck the unit owners request for same. Needless to say the trial court was only being consistent in so doing, but in the light of our holding that the developer-lessor expressly consented to be bound by amendments to the law, we see no reason why an attorneys fee cannot here be awarded to the unit owners (and/or association) because the lease in question provided for attorneys fees upon the occasion of litigation.
This being so we see no necessity to examine any other of the theories advanced for the award of attorneys fees and on this issue we therefore remand this cause for consideration of reasonable attorneys fees. In so doing we make no determination as to the proportionate share to be paid by the original lessor-developer and the assignee who now stands in the original lessor's shoes. The apportionment of said fees shall be made at the discretion of the trial court as it may deem appropriate.
Finally, we consider whether a condominium association and its unit owners may state a cause of action for breach of fiduciary duty and self dealing when a recreation lease is executed. The answer is yes, of course they can, so long as they come within the dictates clearly set forth in Avila South Condominium Association, Inc. v. Kappa Corporation, 347 So.2d 599 (Fla. 1977). However, that remedy is simply not available here because of the posture of this appeal. The original complaint in this dispute, up through the third amendment thereto, has already been appealed to this court and a decision rendered in Cole v. Angora Enterprises, Inc., 370 So.2d 1227 (Fla. 4th DCA 1979). A reading of that third amended complaint reveals no attempt whatever to plead breach of fiduciary duty or self-dealing arising from the execution of the long term lease. This being so, the law is clear on this subject. Upon remand after a successful appeal the litigant may not invoke new causes of action and thus litigate his case piecemeal, otherwise "one party would thus be placed in position to prevail over the other by the *1014 process of attrition." United States Fidelity & Guaranty Co. v. Sellers, 197 So.2d 832, 833 (Fla. 1st DCA 1967). See also Palm Beach Estates v. Croker, 143 So. 792 (Fla. 1932).
We are of the belief that this decision will have wide repercussions affecting condominium living and that our conclusions here should be certified to the Supreme Court as questions of great public importance. We therefore certify this entire decision so that our Supreme Court may pass upon the four principal issues here decided. These issues involve: (1) Whether the lessor expressly consented to the incorporation of Florida Statute 718.401(4) into the terms of the contract. (2) Whether the rent escalation clause is rendered unenforceable. (3) Whether the assignment and sale of the long term lease in exchange for a purchase money mortgage permits of the disbursement of funds from the registry of the court to pay said purchase money mortgage. And (4) whether the condominium association and its unit owners may at this stage state a cause of action under the facts of this case for breach of fiduciary duty and self dealing.
REVERSED IN PART AND REMANDED.
STONE, BARRY J., Associate Judge, concurs.
ANSTEAD, J., concurs in part and dissents in part with opinion.
ANSTEAD, Judge, concurring in part and dissenting in part:
I disagree only with the holding of the majority with reference to the appellants' right to attempt to state a cause of action "for breach of fiduciary duty and self dealing" pursuant to Avila South Condominium Association, Inc. v. Kappa Corporation, 347 So.2d 599 (Fla. 1977).
NOTES
[1] See also the very recent decision in Coral Isle East Condominium v. Snyder, 395 So.2d 1204 (Fla. 3d DCA 1981).
[2] Section 711.63(4) was, of course, the precursor to Section 718.401(4).