404 So.2d 752 (1981)
SANDALFOOT SOUTH ONE, INC., and Sandalfoot South Two, Inc., Appellants,
v.
SANDALFOOT COVE COUNTRY CLUB, INC., a Florida Corporation, Appellee.
No. 80-174.
District Court of Appeal of Florida, Fourth District.
July 29, 1981.
Rehearing Denied November 4, 1981.
Rod Tennyson of Powell, Tennyson & St. John, P.A., West Palm Beach, for appellants.
David D. Welch of Musselman, Welch & Korthals, P.A., Pompano Beach, for appellee.
LETTS, Chief Judge.
Following close upon the heels of our most recent Cole v. Angora Enterprises, Inc. decision, 403 So.2d 1010 (Fla. 4th DCA 1981), comes yet another condominium dispute over the validity of a monthly payment escalation clause in a "recreation agreement." Further considered is the question of whether the particular "agreement" here involved is encompassed by Section 718.401(8), Florida Statutes (1979). We reverse the trial court's holdings that the escalation provision is enforceable and that the recreation agreement is not governed by Section 718.401(8).
As we did in Cole v. Angora, supra, we must first answer the question of whether the lessor consented to the particular *753 statute's incorporation into the terms of the contract in the case now before us. Once again we believe the answer is "yes" and once more we find support for our conclusion in Century Village, Inc. v. Wellington, E, F, K, L, H, J, M, & G, Condominium Association, 361 So.2d 128 (Fla. 1978).[1] Unlike the Century Village language, vis-avis the Angora Enterprises language set forth in the Century Village case, the language in the declaration sub judice is not "virtually identical." Nonetheless it is substantially similar as can be seen by the comparison set forth below:

 CENTURY VILLAGE DECLARATION DECLARATION NOW BEFORE US
 ... [the developer] hereby states The purpose of this Declaration is
 and declares that said realty, ... to submit the lands described and
 together with improvements thereon, improvements described and to be
 is submitted to Condominium constructed thereon to the
 ownership, pursuant to the condominium form of ownership and
 Condominium Act of the State of use in the manner provided in
 Florida, F.S. 711 Et Seq. Chapter 711 of the Florida
 (hereinafter referred to as the Statutes, herein called the
 "Condominium Act"), and the "Condominium Act." Except where
 provisions of said Act are hereby provided in this Declaration, the
 incorporated by reference and Articles of Incorporation of
 included herein thereby. ... The Sandalfoot South One, Inc., a
 "Condominium Act" referred to above Florida corporation not for profit,
 is defined in Section I(G) as hereinafter sometimes called the
 follows: "Association," the By-Laws or in
 lawful amendments to these
 Condominium Act means and refers to instruments, the provisions of
 the condominium act of the State of said Chapter 711, Florida Statutes,
 Florida (Florida Statutes 711, et as amended from time to time
 seq.) as the same may be amended and this Declaration the Articles
 from time to time. 361 So.2d of said Corporation, and By-Laws as
 128, 133. (emphasis in original). lawfully amended from time to time,
 shall govern this Condominium and
 the rights, duties, and
 responsibilities of owners of
 condominium parcels therein.
 (emphasis supplied).

We note, significantly, that the provision anticipating amendments to the statute "from time to time" appears here as it did in Century Village and Cole v. Angora, and this coupled with the obvious substantial similarity in content and portent, persuades us that the Century Village case out of the Supreme court controls. Accordingly, Section 718.401(8) is applicable and the escalation clause unenforceable.
Passing now to the second question of whether the particular "recreation agreement" in this case is subject to Section 718.401(8), we note several unusual features of this agreement which set it apart from the normal long-term recreational document. Most notably, the Appellee argues that this particular instrument is nonexclusive in the sense that the world outside the condominium is also eligible to use the facilities as well as the unit owners. Therefore, it is argued that what we have here is "... not a lease or rental agreement [but] an easement [which] cannot be construed as a lease by definition." Therefore as the Appellee further argues, "since it is not a lease, it cannot be affected by a statute prohibiting escalation clauses in condominium recreational leases or rental agreements... . It grants no more than a nonexclusive privilege to use country club facilities along with others who are not condominium residents."[2]
When it is pointed out that the language of the current statute includes escalation clauses in any "agreements for recreational facilities" and that whatever else the subject contract is not, it is inescapably an agreement, the Appellee responds that the *754 use of the word "agreement" by itself takes it out of context and that inherently the statute intends rental agreements only, rather than agreements generally.
The specific language of Section 718.401(8), Florida Statutes (1979) states in part,
(a) It is declared that the public policy of this state prohibits the inclusion or enforcement of escalation clauses in leases or agreements for recreational facilities, land, or other commonly used facilities serving condominiums, and such clauses are hereby declared void for public policy. For the purposes of this section, an escalation clause is any clause in a condominium lease or agreement which provides that the rental under the lease or agreement shall increase at the same percentage rate as any nationally recognized and conveniently available commodity or consumer price index.
Analyzing this statutory language which seems perfectly clear, it would appear that the agreements intended to be affected by the statute would be those for recreational facilities involving periodic payments and serving condominiums. This being so we hold the statutory language is applicable to the instant "recreation agreement."
Participation in this agreement by the unit owners is not like the exercise of one's free choice to join the country club down the road. As we read the agreement, the unit owner has to participate for a span of 40 years. If he fails to pay the monthly fee the agreement secures payment by way of a vendor's lien on the unit. Moreover, the provisions of the agreement are incorporated into and made a part of the Declaration "as covenants running with the land of the condominium parcel." In short this is a compulsory long-term agreement to pay for the use of recreational facilities incident to ownership of condominium units. To us that is exactly where Section 718.401(8) is aimed and the cat simply cannot be skinned another way by providing for outside membership as well.
As to the remaining arguments set forth in the Appellee's brief, we find them, (1) already answered in our Cole v. Angora decision, (2) without merit, or (3) unnecessary to our conclusion.
Finally, aware that we have already certified the issues here discussed in Cole v. Angora and continuing in the belief that involved are questions of great public importance, we likewise certify this entire decision to our Supreme Court, in the belief that the issues it will pass upon in Cole v. Angora are inextricably woven with the issues raised in this accompanying cause. Specifically we ask the question of whether the lessor expressly consented to the incorporation of Section 718.401(8), Florida Statutes (1979) by use of the language herein set forth and also propound the question of whether the instant nonexclusive recreation agreement is encompassed by the same provision of the statute.
REVERSED AND REMANDED IN ACCORDANCE HEREWITH.
HERSEY and GLICKSTEIN, JJ., concur.
NOTES
[1] See also the very recent decision in Coral Isle East Condominium v. Snyder, 395 So.2d 1204 (Fla. 3d DCA 1981).
[2] The language of the agreement obviously contemplates additional fees to use many of the various facilities, the monthly fee being in effect, the right to general admission at the gate.