402 So.2d 1327 (1981)
WATERFORD POINT CONDOMINIUM APARTMENTS, INC., Appellant,
v.
Elizabeth Susan FASS, a Single Woman, Appellee.
No. 80-2213.
District Court of Appeal of Florida, Fourth District.
August 26, 1981.
Rehearing Denied September 17, 1981.
*1328 Mark B. Schorr of Becker, Poliakoff & Streitfeld, P.A., Fort Lauderdale, for appellant.
Hans C. Feige of Patterson, Maloney & Feige, Coral Springs, for appellee.
LETTS, Chief Judge.
Continuing with the plethora of litigation pertinent to long-term recreational leases, comes now a unit owner claiming that the governing association had no power to buy out a recreational lease and assess her for her proportionate share of the purchase price. The trial judge agreed, but we do not.
This particular declaration of condominium encompasses 237 unit owners, 78% of whom approved the buy-out of the subject long-term recreational lease. Included in the terms of said declaration was the power to enter "into a 99 year lease of certain lands as described in said lease a copy of which is attached hereto as Exhibit D." Reference to the lease, so attached reveals that the lessee association had, by way of an option, the stated power to purchase the leasehold, exercisable at any time after five years for a price no greater than twelve times the annual total rental for the year preceding the exercise of the option. Pursuant thereto, the association, some several months after the passage of the five years, entered into an agreement to purchase the lease for a price conceded to be less than the allowable twelve times figure and admitted to be in conformity with the provisions of the option.
Nonetheless, the complaining unit owner reasons that the buy-out was invalid and unenforceable, advancing as her principal argument, failure of the instant declaration to conform to the provisions of Section 718.114, Florida Statutes (1979) which provide in pertinent part as follows:
718.114 Association powers.  An association has the power to enter into agreements, to acquire leaseholds, memberships, and other possessory or use interests in lands or facilities such as country clubs, golf courses, marinas, and other recreational facilities. It has this power whether or not the lands or facilities are contiguous to the lands of the condominium, if they are intended to provide enjoyment, recreation, or other use or benefit to the unit owners. All of these leaseholds, memberships, and other possessory or use interests existing or created at the time of recording the declaration must be stated and fully described in the declaration. Subsequent to the recording of the declaration, the association may not acquire or enter into agreements acquiring these leaseholds, memberships, or other possessory or use interests except as authorized by the declaration. The declaration may provide that the rental, membership fees, operations, replacements, and other expenses are common expenses and may impose covenants and restrictions concerning their use and may contain other provisions not inconsistent with this chapter. (Emphasis supplied.)
Pursuant to the foregoing statutory language, the unit owner insists that the power to acquire the lease is neither expressly stated nor fully described in the actual declaration, but only in the recreational lease attached to it, which method falls short of the statutory requirement that it must be in the actual declaration itself. We do not agree with the unit owner's narrow interpretation of the statute.
*1329 Within the last several weeks, in Cole v. Angora, 403 So.2d 1010 (Fla. 4th DCA 1981) this court stated that "one cannot issue forth with language ... such as `which long-term lease is attached to this Declaration and made a part hereof' and then argue that that same lease is not a part thereof pursuant to the condominium act." We believe the foregoing quote from Cole v. Angora, supra, also applies here.
The subject declaration sets forth that its condominium documents include "the exhibits attached hereto" and that "... the association shall have the power to and has entered into a 99 year lease ... a copy of which is attached hereto." As we see it, the lease so attached is "obviously intended to be an integral part of the whole" Cole v. Angora, supra, and this being so, a specific power to exercise an option to purchase being set forth in the lease so attached, is in our opinion sufficient to satisfy the statutory requirement that the power be stated and fully described in the accompanying declaration. Further, an interpretation to the contrary would make a nonsense of the option to purchase clause in the lease. It simply cannot be that an option to purchase in a lease attached to a declaration is unexercisable because it is not reiterated in so many words in the actual declaration to which it is attached. Surely the very purpose of attaching the lease to the declaration is to obviate laborious repetition of all of its terms and conditions in the declaration.
Next, the unit owner argues and the trial judge agreed, that even if the power to purchase is valid, any special assessment as to her is "void and a nullity" inasmuch as the acquisition of a recreational lease "is not a common expense for which an assessment is proper." To this end the unit owner cites us to the recent Third District case of Tower House Condominium, Inc. v. Millman (Fla. 3d DCA, Case No. 80-1468, Opinion filed May 5, 1981), which held that the acquisition of adjoining land for increased parking, required the consent of all the unit owners.
Suffice it to say, we need not agree or disagree with the Third District because in the case before us now, the acquisition of the recreation lease was specifically contemplated in the original documents, a factor apparently not present with regard to the parking lot in the Third District case. Indeed, in the instant declaration all expenses "which the Association, as lessee, has obligated itself to pay under said lease shall be common expenses of the Association... ."[1] Moreover our version of common sense dictates that a power to purchase granted to an association must, subject to statutory or contract limitations to the contrary, include the right to assess in the manner provided elsewhere in the declaration, otherwise how could the power ever be exercised? Under the provisions of Section 718.401(6)(C), Florida Statutes (1979), all that is needed to exercise an otherwise valid option to purchase a recreational lease is the approval of 66.66% of the unit owners. Here the approval came from 78% thereof.
All this being so, we hold the association had the power to purchase the recreational lease under the particular facts of this case and the power to require this particular unit owner to buy her pro rata share thereof by way of assessment.
REVERSED AND REMANDED IN ACCORDANCE HEREWITH.
MOORE, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.
NOTES
[1] This provision in the declaration is authorized by Section 718.114.