PER CURIAM.
The plaintiff, a unit owner and member of a condominium association, brought a class action challenging the proposed purchase of the recreation lease from the developer. The basis of his complaint concerned alleged technical improprieties in the proxies secured from other owners; and the lack of a properly conducted meeting of the association to ratify the contract. Section 718.111(12), Florida Statutes (1981), however, requires only the “approval” of two-thirds of the unit owners to purchase a recreation lease. See Waterford Point Condominium Apartments, Inc. v. Fass, 402 So.2d 1327 (Fla. 4th DCA 1981), rev. denied, 412 So.2d 465 (Fla.1982). It specifically does not necessitate either formal proxies or an association meeting to evidence that approval. Compare, e.g., § 718.112(2)(f), Fla.Stat. (1981). The face of the complaint shows, and it was not suggested otherwise, that the required percentage of owners had in fact “approved”, that is, objectively signified their assent to the purchase. Black’s Law Dictionary 94 (5th ed. 1979). Since that is all that is legally necessary, the case was therefore properly dismissed with prejudice. The deficiency in the complaint is one which cannot be cured by amendment. DeMaris v. Asti, 426 So.2d 1153 (Fla. 3d DCA 1983); see also Affordable Homes, Inc. v. Devil’s Run, Limited, 408 So.2d 679 (Fla. 1st DCA 1982).
Affirmed.