439 So.2d 832 (1983)
ANGORA ENTERPRISES, INC., Etc., et al., Petitioners,
v.
Benjamin COLE et Ux., et al., Respondents.
Joseph KOSOW, Petitioner,
v.
Benjamin COLE et Ux., et al., Respondents.
Nos. 61378, 61396.
Supreme Court of Florida.
June 16, 1983.
Rehearing Denied October 27, 1983.
Robert S. Levy, West Palm Beach, and Joel D. Eaton of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, Miami, for Angora, et al.
Chesterfield Smith, Miami, Steven D. Merryday, Tampa, and Michael L. Rosen, Tallahassee, of Holland & Knight, and Gerald Mager and Maurice M. Garcia of Abrams, Anton, Robbins, Resnick, Schneider and Mager, Hollywood, for Kosow.
Mark B. Schorr and Alan S. Becker of Becker, Poliakoff & Streitfeld, Fort Lauderdale, for respondents.
EHRLICH, Justice.
This is a petition to review a decision of the Fourth District Court of Appeal, Cole v. Angora Enterprises, 403 So.2d 1010 (Fla. 4th DCA 1981). That decision concerned the enforceability of an escalation clause in *833 a recreational lease attached to a declaration of condominium, and other issues relating to condominiums. The district court affirmed in part and reversed in part and then certified the following questions:
(1) Whether the lessor expressly consented to the incorporation of Florida Statute 718.401(4) into the terms of the contract.
(2) Whether the rent escalation clause is rendered unenforceable.
(3) Whether the assignment and sale of the long term lease in exchange for a purchase money mortgage permits of the disbursement of funds from the registry of the court to pay said purchase money mortgage and
(4) Whether the condominium association and its unit owners may at this stage state a cause of action under the facts of this case for breach of fiduciary duty and self dealing.
403 So.2d at 1014.[1] We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution.
We hereby affirm the judgment of the district court for the reasons set forth herein.
Petitioners are Angora Enterprises, developer of a condominium and original lessor under a recreational lease, and American Capital Corporation (Viking), the parent corporation of Angora, and Joseph Kosow, the present owner and lessor of the leased property. Respondents Cole, et al., are owners of condominium units and the condominium association which operates those condominiums.
Prior to 1975, Angora Enterprises developed the Lakeside Village condominium complex. Although the developer sold the individual units outright, it retained title to a certain portion of the property and developed it as a recreational facility. Persons purchasing units in the condominium received a copy of the declaration of condominium with the lease for use of the recreational facilities attached to it. That document bound each unit member upon purchasing a condominium unit and becoming a member of the association to pay a proportional share of the rent on the recreational facilities. A clause in the lease called for an escalation in the rent every five years, *834 based on an increase in the cost of living index.
This controversy centers around the escalation clauses in eleven recreational leases. Begun in 1975, the action alleged violations of both the Deceptive and Unfair Trade Practices Act, and Condominium Act, and challenged the validity of the escalation clauses. It was coupled with a motion to pay the rent into the registry of the court as provided by section 718.401, Florida Statutes (1977). The trial court dismissed the action and, while an appeal was pending, Angora assigned the lease to Kosow who assumed the existing institutional mortgage and gave back to Angora a purchase money mortgage for the balance of the sale price. The Fourth District Court affirmed in part and reversed in part. Cole v. Angora Enterprises, 370 So.2d 1227 (Fla. 4th DCA 1979).
The complaint was then refiled along with another motion for leave to deposit rent into the registry. Petitioner Kosow sought disbursement of the funds to make payment on the mortgage under section 718.401(4), Florida Statutes (1977). This motion was granted over respondents' objection that it was not the type of mortgage contemplated by the statute. Respondents appealed this order. The trial court again dismissed the complaint and awarded attorneys' fees to the petitioner. The district court of appeal consolidated review of this order and the review of the order to disburse funds. It then decided the cause and certified the questions as being of great public importance. We will respond to the questions in order.
First, we are asked to decide whether or not the petitioner lessor expressly consented to the incorporation of section 718.401(4), Florida Statutes (1977), into the terms of the contract by virtue of the language in the declaration of condominium. That language set forth in the submission section of the declaration reads as follows:
ANGORA ENTERPRISES, INC... . hereby states and declares that said realty, together with improvements thereon, is submitted to Condominium ownership, pursuant to the Condominium Act of the State of Florida, F.S. 711 et seq. (hereinafter referred to as the "Condominium Act"), and the provisions of said Act are hereby incorporated by reference and included herein thereby, ... .
... .
(Subsection G of Article I defines condominium act as follows:)
Condominium Act, means and refers to the Condominium Act of the State of Florida (F.S. 711 Et Seq.) as the same may be amended from time to time.

(Emphasis added).
Further on in the declaration we find specific references to the attached long term-lease which is "attached to this Declaration and made a part thereof." The declaration is signed by the developer and the condominium association, the same two parties who signed the lease. The lease also refers back to the declaration and not only sets the monthly fee for use of the recreational facilities, but provides for a first lien on the unit owner's property should that unit owner fail to make the monthly rental payment.
The lessor argues that these are separate documents, each standing alone, but to adopt that rationale is to ignore the realities of the situation. And to say that the lessor who in his corporate capacity was both the developer and the management firm, did not agree to the terms of declaration is to refuse to see what is plainly written in black and white.
Consequently, we agree with the district court that this case as to the rent deposit statute is controlled by our decision in Century Village, Inc. v. Wellington, E, F, K, L, H, J, M, & G, Condominium Association, 361 So.2d 128 (Fla. 1978), that the parties intended to be bound by future amendments to the condominium act and as such section 718.401(4) is applicable and enforceable under the facts of the instant case.
It logically follows that section 718.401(8), the statute that declares escalation clauses in recreation or land leases void and unenforceable, also was encompassed by the *835 language in the declaration. Since the parties had agreed to be governed by amendments to the act, they therefore agreed to be bound by the purview of this statute.
Petitioners argue that this case is controlled by Fleeman v. Case, 342 So.2d 815 (Fla. 1977). That case held that this statute could not be applied to pre-1974 leases because the legislature did not intend retroactive effect. We are compelled to outline the distinction between Fleeman and the case at bar. The controlling difference is the fact that there was no language in the Fleeman documents evidencing consent on the part of the lessor to incorporate the Condominium Act and its future amendments into the contract. See also Kaufman v. Shere, 347 So.2d 627 (Fla. 3d DCA 1977).
As to the last two questions, we agree with the district court's analysis. We agree with the district court that this assignee accepted the assignment with notice of the dispute over the rents. Therefore, under these circumstances, since the assignor was without power to withdraw the funds to pay other than the institutional mortgage in existence when the litigation began, the assignee must likewise be impotent to do so. Florida East Coast Railway v. Eno, 99 Fla. 887, 128 So. 622 (1930).
Finally, we consider whether or not a condominium association and its unit owners may state a cause of action for breach of fiduciary duty and self dealing when a recreational lease is executed. This is, of course, controlled by Avila South Condominium Association v. Kappa Corp., 347 So.2d 599 (Fla. 1977). Though the association and its unit owners could have done so at an earlier stage in the litigation, it is now too late. United States Fidelity & Guaranty Co. v. Sellers, 197 So.2d 832 (Fla. 1st DCA), cert. denied, 204 So.2d 211 (Fla. 1967).
The decision of the district court is approved and this cause is remanded for further proceedings.
Both parties have petitioned for attorneys' fees. Pursuant to section 718.303(1), Florida Statutes (1981) and the terms of the lease, the respondents as the prevailing parties are entitled to recover reasonable attorneys' fees. The case is remanded to the trial court for determination of such fees.
It is so ordered.
ALDERMAN, C.J., and ADKINS, OVERTON and McDONALD, JJ., concur.
BOYD, J., dissents.
NOTES
[1] The two sections under discussion are as follows:

§ 718.401, Fla. Stat. (1977)
(4)(a) In any action by the lessor to enforce a lien for rent payable or in any action by a unit owner with respect to the obligations of the lessee or the lessor under the lease, the unit owner may raise any issue or interpose any defenses, legal or equitable, that he may have with respect to the lessor's obligations under the lease. If the unit owner initiates any action or interposes any defense other than payment of rent under the lease, the unit owner or the association shall pay into the registry of the court any allegedly accrued rent and the rent which accrues during the pendency of the proceeding, when due. If the unit owner fails to pay the rent into the registry of the court, it shall constitute an absolute waiver of the unit owner's or association's defenses other than payment, and the lessor shall be entitled to default. When the unit owner has deposited the required funds into the registry of the court, the lessor may apply to the court for disbursement of all or part of the funds shown to be necessary for the payment of taxes, mortgage payments, maintenance and operating expenses, and other necessary expenses incident to maintaining and equipping the leased facilities or necessary for the payment of other expenses arising out of personal hardship resulting from the loss of rental income from the leased facilities. The court, after an evidentiary hearing, may award all or part of the funds on deposit to the lessor for such purpose. The court shall require the lessor to post bond or other security, as a condition to the release of funds from the registry, when the value of the leased land and improvements, apart from the lease itself, is inadequate to fully secure the sum of existing encumbrances on the leased property and the amounts released from the court registry. (8)(a) It is declared that the public policy of this state prohibits the inclusion or enforcement of escalation clauses in land leases or other leases or agreements for recreational facilities, land, or other commonly used facilities serving residential condominiums, and such clauses are hereby declared void for public policy. For the purposes of this section, an escalation clause is any clause in a condominium lease or agreement which provides that the rental under the lease or agreement shall increase at the same percentage rate as any nationally recognized and conveniently available commodity or consumer price index.