446 So.2d 164 (1984)
BEAU MONDE, INC., a Florida Corporation, B.F. Aldridge, Jr., William Williams, Max Koenigsberg, Alex Rein, Betty Myers, Robert Stubenfall, Sonia J. Geiger, Individually and As the Directors of Beau Monde, Inc., a Condominium Association, U.S. Home, Inc., a Corporation, Port Builders, Inc., a Florida Corporation, Bay Management, Inc., a Florida Corporation, Appellants,
v.
Albert H. BRAMSON, Grace Giunta, Margaret E. Lawrence, and Florence Concannon, Appellees.
No. 83-57.
District Court of Appeal of Florida, Second District.
January 27, 1984.
Rehearing Denied March 2, 1984.
*165 Peter T. Roman of Dunbar, Dunbar, Roman, Anderson & Schafer, P.A., Dunedin, and William S. Jonassen of William S. Jonassen, P.A., Indian Rocks Beach, for appellants.
Daniel B. Schuh of Schuh & Schuh, St. Petersburg, for appellees.
SCHOONOVER, Judge.
Appellants, Beau Monde, Inc. (Beau Monde), a condominium association, the Board of Directors of Beau Monde, U.S. Homes, Inc., Port Builders, Inc., and Bay Management, Inc., have appealed a summary judgment entered in favor of the appellees, Albert H. Bramson, Grace Giunta, Margaret E. Lawrence, and Florence Concannon. We affirm.
Beau Monde originally filed a complaint for foreclosure against Mr. Bramson and his now deceased wife for failure to pay certain maintenance fees assessed against their condominium unit. This court affirmed the trial court's order setting aside a default judgment against the Bramsons in Beau Monde, Inc. v. Bramson, 392 So.2d 75 (Fla. 2d DCA 1980).
While the aforementioned proceedings were taking place, the appellees, all Beau Monde condominium unit owners and members of the corporation, filed a declaratory judgment action against the appellants. They sought to have Beau Monde's action in purchasing land they had previously leased under a ninety-nine year recreational and garage lease and the termination of the maintenance agreement, declared ultra vires and therefore void. They also sought to have the lien against the Bramsons' condominium unit removed. The two cases were ultimately consolidated.
After the appellants' motion for summary judgment was granted and a final summary *166 judgment entered, an appeal was taken to this court. Bramson v. Beau Monde, Inc., 415 So.2d 761 (Fla. 2d DCA 1982). In reversing the trial court, we held that since Beau Monde relied upon article V, section 8 of the by-laws of Beau Monde to sustain their action in purchasing the property and in terminating the maintenance agreement, their actions were ultra vires and void because they did not strictly comply with said by-laws.
Article V, section 8 of the by-laws provided as follows:
Section 8. Waiver and Consent: Whenever the vote of members at a meeting is required or permitted by any provisions of the Statutes or the Certificate of Incorporation or of these By-Laws to be taken in connection with any action of the corporation, the meeting and vote of members may be dispensed with if all of the members who would have been entitled to vote upon the action if such meeting were held shall consent in writing to such action being taken.
Since Beau Monde failed to receive the written consent of all of the record unit owners, who are members of the corporation, and no meeting was held, Beau Monde's actions were ultra vires and therefore void.[1]
After the issuance of our opinion and mandate, the parties entered into a stipulation agreeing that seventy-five percent of the voting members of Beau Monde, at a regularly called meeting, ratified the transaction between U.S. Homes, Inc., Port Builders, Inc., and Bay Management, Inc., as to the purchase and sale of the fee and improvements underlying the garage and recreational lease areas, and the extinguishment of the existing maintenance agreement with Bay Management, Inc. The parties further stipulated that subsequent to the entry of the original final judgment, seventy-five percent of the voting members approved the amendments to the condominium documents containing the declaration of condominiums, the by-laws, articles of incorporations, and other related instruments. It was agreed that no attempt was made to amend article II of the articles of incorporation of Beau Monde.
The trial court then entered a declaratory judgment holding that the attempts to amend the condominium documents, the approval of the purchase of the recreational and garage lease, and the extinguishment of the maintenance agreement were void. The trial court held that, in order to purchase the property and to extinguish the maintenance agreement, the unanimous consent of all unit owners was required by the original condominium documents and by section 718.110(4), Florida Statutes (1979). This appeal timely followed.
We agree with the appellees' contention that the cancellation of the lease and maintenance agreement together with the purchase of the real estate described in the lease would materially alter or modify the existing appurtenances to their condominium units. We, accordingly, hold that Beau Monde's attempt to do so is governed by section 718.110(4) and by the holding of the Third District Court of Appeal in the case of Tower House Condominium, Inc. v. Millman, 410 So.2d 926 (Fla. 3d DCA 1981).
Section 718.110(4) provides as follows:
(4) Unless otherwise provided in the declaration as originally recorded, no amendment may change the configuration or size of any condominium unit in any material fashion, materially alter or modify the appurtenances to the unit, or change the proportion or percentage by which the owner of the parcel shares the common expenses and owns the common surplus unless the record owner of the *167 unit and all record owners of liens on it join in the execution of the amendment and unless all the record owners of all other units approve the amendment.
Since the cancellation of the recreational and garage lease, the extinguishment of the maintenance agreement, together with the purchase of the land involved are material alterations or modifications of the appurtenances to the appellees' unit, Beau Monde's attempt to take said action is void because all record owners did not join in the execution of the amendments to the original condominium instruments. § 718.110(4); Tower House; see also, Thiess v. Island House, Assoc., 311 So.2d 142 (Fla. 2d DCA 1975).
The original declaration of condominium submits certain real property with related facilities together with the garage and recreational lease to condominium ownership. The declaration specifically excludes the real estate leased to the association. Paragraph 12 of the declaration explicitly states that no amendment may impair the maintenance agreement with appellant Bay Management, Inc., or with the recreational and garage lease.
Further, article II of the articles of incorporation of Beau Monde, provides that the purpose of the corporation is, among other things, to transact all business necessary and proper in connection with the operation of the designated property. The land involved in the lease is specifically excluded from the object and purposes clause of the articles of incorporation.
Finally, article XI of the articles of incorporation provides, in part, that there shall be no alteration, amendment, modification, or rescission of article II without the unanimous approval of the then members of the corporation.
Therefore since the declaration, including the articles of incorporation, provides that article II cannot be amended without the unanimous approval of the then members of the corporation, the action of Beau Monde cannot be sustained under section 718.111(12), Florida Statutes (1979), as advocated by the appellants. Furthermore, since the action would alter or modify existing appurtenances to the appellees' individual units without the consent of all record owners as required by section 718.110(4), the attempted actions are ultra vires and therefore void.
The appellants' reliance on Waterford Point Condominium Apartments, Inc. v. Fass, 402 So.2d 1327 (Fla. 4th DCA 1981), is misplaced. In that case, the Fourth District Court of Appeal upheld a purchase of a lease and the subsequent assessment of the owners for their proportionate share of the purchase price. However, in Fass, the declaration authorized the execution of a recreational lease which contained an option to purchase. Said lease was attached to the declaration. Therefore, unlike the case sub judice, the acquisition of the recreational lease was specifically contemplated in the original documents and complied with section 718.114, Florida Statutes (1979).
AFFIRMED.
HOBSON, A.C.J., and GRIMES, J., concur.
NOTES
[1] To the extent that our former opinion in Bramson v. Beau Monde, Inc., can be interpreted to hold that the corporation's actions would have been proper with less than unanimous consent if a meeting would have been properly called, we recede therefrom. Less than unanimous consent to the corporation's actions would have been required for the general business of such a meeting; however, when a specific statute or a provision in the articles of incorporation requires unanimous consent, that statute or provision controls.