BARKETT, Judge.
Petitioners, by way of application for writ of certiorari, seek review of an order staying proceedings on Count Y of their sixth amended complaint. We agree that the trial court departed from the essential requirements of law.
.In 1979, the trial judge dismissed a count of petitioner’s complaint challenging the enforceability of an escalation clause in a condominium recreation lease. In Cole v. Angora Enterprises, Inc., 403 So.2d 1010 (Fla. 4th DCA 1981), this court reversed the dismissal of that count. The supreme court in Angora Enterprises, Inc. v. Cole, 439 So.2d 832 (Fla.1983), subsequently affirmed that holding and issued its mandate on October 27, 1983.
On November 2, 1983, six days after the issuance of the supreme court mandate, petitioners were served with a summons on a complaint filed by respondents in the United States District Court for the Southern District of Florida seeking to declare unconstitutional the attempted avoidance of the escalation clause.
On November 7, 1983, pursuant to the appellate courts’ mandates, petitioners again added the count which previously had been erroneously dismissed. On February 22, 1984, the respondents answered the amended complaint, and various motions were filed and heard during the next several months. On August 20,1984, petitioners filed a motion for partial final summary judgment on that count. Prior to the hearing on that motion, the respondents filed a motion styled “Request to Hold Case in Abeyance Pending Determination of the Issues Presented in Angora Enterprises v. Condominium Association of Lakeside Villages, Inc., United States District Court, Southern District of Florida.” Apparently, no copy of the complaint in this federal suit was attached to the motion, nor was a copy provided to the trial judge at the hearing. In any event, the trial judge in the state action partially granted respondents’ motion, holding the previously-dismissed count in abeyance pending a final decision in the federal case, which apparently had been filed in November of 1983.
Respondents argue that their federal case was filed before the amended count, and that there is ample precedent for staying or abating an action based on the existence of a previously pending case. They note the language in ITT-Community Development Corporation v. Halifax Pav *231 ing, Inc., 350 So.2d 116 (Fla. 1st DCA 1977):
Florida litigation need not be abated because of a previously-filed action in a federal district court in Florida. Nevertheless, Wade v. Clower, 94 Fla. 817, 826, 114 So. 548, 551 (1927), suggests that a stay of the action last filed is and should be “the usual practice” in the interest of state-federal comity, [citation omitted]
Id. at 117.
The case before us, however, does not involve staying the action last filed, but deals with staying part of the original action filed in 1979. We cannot permit respondents to delay further a matter that has been pending for five years in the state trial courts through the dilatory tactic of filing a suit in the congested federal courts subsequent to an adverse decision by the state appellate court.
In this case the trial court departed from the essential requirements of law by staying the earlier filed action in favor of an action filed five years later.
We note in passing that the federal courts are hesitant to grant a stay regardless of other pending actions:
The United States Court of Appeals for the Fifth Circuit, making no distinction between abatement and stay, has held unequivocally that a federal district court action would be neither stayed nor abated pending disposition of a previously-filed Florida state court action involving the same issues and parties. Ermentrout v. Commonwealth Oil Co., 220 F.2d 527 (5th Cir.1955).
ITT-Community Development Corporation v. Halifax Paving, Inc., 350 So.2d at 117-118.
We recognize that justice may be better served in some instances by granting stays; however, stays should be rare, and the circumstances of each case should be scrutinized carefully to preclude manipulation of the state and federal court systems.
Accordingly, we grant certiorari, and quash the trial court order of September 7, 1984, which stayed Count V of petitioners’ complaint, and direct the trial court to conduct further proceedings in this action.
ANSTEAD, C.J., and LETTS, J., concur.