600 So.2d 528 (1992)
Robert J. YOUNG, Appellant,
v.
CIEGA VERDE CONDOMINIUM ASSOCIATION, INC., Appellee.
No. 91-02202.
District Court of Appeal of Florida, Second District.
June 12, 1992.
Terry F. Brady, Mulvaney, Coronato and Brady, Toms River, N.J., for appellant.
David A. Lamont, Bacon, Bacon, Johnson & Goddard, P.A., St. Petersburg, for appellee.
PER CURIAM.
Robert Young challenges that portion of a final judgment entered against him in favor of Ciega Verde Condominium Association, Inc., which is attributable to the cost of converting a tennis court at his condominium into a parking lot. We reverse.
Notice was given to the unit owners of the condominium for an Association meeting to discuss the parking problem and the bid for roof repairs to the condominium. The minutes of that meeting show that the motion to convert the tennis court into a parking lot passed unanimously by those owners present at the meeting. No further consents to converting the tennis courts into a parking lot were requested or obtained from any of the other unit owners or the first mortgagees on those units not present at the meeting. Specifically, neither the consent of the appellant nor the first mortgagee on his unit was ever obtained. The appellant did not attend the meeting. A Board of Directors meeting followed and they passed a special assessment in the amount of $10,000 per unit owner which included the tennis court conversion.
When the appellant failed to pay the assessment the Association filed suit asking that the lien for the assessment be foreclosed or judgment for money damages be entered. Following a bench trial, the court entered judgment against the appellant for $12,778.39 which included the $10,000 assessment and interest, costs, and attorney's fees. The appellant timely filed this appeal challenging the legality of the assessment.
Paragraph 21B of Ciega Verde's Declaration of Condominium provides that "[n]o amendment may ... materially alter or *529 modify the appurtenances to the unit ... unless all record owners of units and all record holders of first mortgages approve the amendment." See § 718.110(4), Fla. Stat. (1989); Beau Monde, Inc. v. Bramson, 446 So.2d 164 (Fla.2d DCA 1984). The Association did not obtain the approval of "all" of the unit owners and holders of first mortgages for the conversion of the tennis court, an appurtenance, to a parking lot. Accordingly, the Association may not assess the unit owners for this expenditure. The Association may, however, make an assessment upon the unit owners for necessary repairs to the premises.
We therefore reverse the final judgment and remand with instruction to deduct from the judgment any costs attributable to the conversion of the tennis court. In all other respects, we affirm the final judgment.
RYDER, A.C.J., and THREADGILL and BLUE, JJ., concur.