601 So.2d 1325 (1992)
George R. GILMORE, Appellant,
v.
CIEGA VERDE CONDOMINIUM ASSOCIATION, INC., Appellee.
No. 91-02204.
District Court of Appeal of Florida, Second District.
July 10, 1992.
Terry F. Brady of Mulvaney, Coronato & Brady, Toms River, N.J., for appellant.
David A. Lamont of Bacon, Bacon, Johnson & Goddard, P.A., St. Petersburg, for appellee.
RYDER, Acting Chief Judge.
We have for review an issue raised by George R. Gilmore regarding the unanimous consent of condominium unit owners to convert a tennis court into a parking area. We reverse.
Appellee, Ciega Verde Condominium Association, Inc., sent a notice out to condominium unit owners on March 28, 1990 for an association meeting to discuss solving a parking problem and a bid for roof repairs. The minutes of that meeting show that the parking problem was discussed and that a motion to turn the tennis court into a parking lot carried unanimously by those individuals present at the meeting. With regard to the tennis court conversion, no attempt was made to obtain the consent of unit owners who were not present at the meeting. Ciega Verde also failed to obtain the consent of the first mortgagees of the condominium units. Specifically, neither the consent of appellant, Gilmore, nor the first mortgagee on his unit was ever obtained. A board of directors meeting was held immediately after the owners' meeting and the board passed a special assessment in the amount of $10,000.00 per unit owner. The assessment was primarily for costs of roof and building repairs, but included the cost of converting the tennis court to a parking area.
*1326 Because Gilmore failed to pay the special assessment, Ciega Verde filed a lien foreclosure action on August 24, 1990, to foreclose upon Gilmore's condominium unit. Following a bench trial, judgment was entered against Gilmore. This timely appeal followed.
Paragraph 21B of the Declaration of Condominium states that "[n]o amendment may ... materially alter or modify the appurtenances to the unit ... unless all record owners of units and all record holders of first mortgages approve the amendment." See § 718.110(4), Fla. Stat. (1989); Young v. Ciega Verde Condominium Association, Inc., 600 So.2d 528, (Fla. 2d DCA 1992). The condominium documents show that the tennis court is an appurtenance common to all unit owners. Because Ciega Verde did not obtain the consent of "all" of the unit owners for the conversion of the tennis court into a parking area, the trial court erred in entering judgment against Gilmore for that portion of the special assessment. Ciega Verde does have the authority to make the special assessment for the cost of necessary repairs to the condominium buildings.
Accordingly, the judgment appealed is reversed and the case is remanded to the trial court for a determination of the amount of the assessment which is attributable solely to the tennis court conversion. This amount should not be included in the special assessment prior to compliance with the procedures set forth in the condominium documents.
Reversed and remanded with directions.
THREADGILL and BLUE, JJ., concur.