890 So.2d 415 (2004)
AUCILLA AREA SOLID WASTE ADMINISTRATION, a separate legal or administrative entity created by interlocal agreement, Dixie County, Florida, a political subdivision of the State of Florida, Jefferson County, Florida, a political subdivision of the State of Florida, Taylor County, Florida, a political subdivision of the State of Florida, Appellants/Cross-Appellees,
v.
MADISON COUNTY, Florida, a political subdivision of the State of Florida, Appellee/Cross-Appellant.
No. 1D03-5527.
District Court of Appeal of Florida, First District.
December 23, 2004.
Jonathan F. Wershow of Wershow, Schneider and Arroyo, P.A., Gainesville, for Appellants/Cross-Appellees.
George T. Reeves of Davis, Schnitker, Reeves & Browning, P.A., Madison, for Appellee/Cross-Appellant.
DAVIS, J.
In this appeal from the trial court's final judgment on the pleadings, we are asked *416 to review the trial court's declaration that an amendment to an interlocal agreement between four counties is null and void ab initio. We affirm the trial court's final judgment for the reasons set forth herein.
The Aucilla Area Solid Waste Administration (hereinafter "Aucilla") is an entity that was created by an interlocal agreement between four counties: Dixie, Jefferson, Taylor, and Madison. The purpose of Aucilla is to facilitate the efficient and economic disposal of solid waste generated within the four participating counties. Pursuant to the agreement, Madison County is the host county, wherein the receiving land-fill is located. The following provisions of the agreement are pertinent to this appeal:
SECTION 11. FLOW CONTROL.
...
(B) No Solid Waste shall be delivered or accepted by the Solid Waste Management System except that Solid Waste generated within the region. Solid Waste from outside the region shall not be delivered or accepted by the Solid Waste Management System unless it has been approved by the Host County and by the Administration.
...
SECTION 14. AMENDMENTS.
...
(B) No amendment shall occur unless it is agreed upon by three-quarters (3/4) of all of the Counties.
...
SECTION 17. SEVERANCE. If any provision of this Restated Agreement shall be held or deemed to be or shall, in fact, be illegal, inoperative or unenforceable, the same shall not affect any other provision or provisions herein contained or render the same invalid, inoperative or unenforceable to any extent whatever.
Pursuant to section 14(B), three of the four participating counties, Dixie, Jefferson, and Taylor, attempted to amend the agreement to authorize the acceptance of out-of-region waste without the approval of Madison County, thereby eliminating the "veto power" originally granted to Madison County under section 11(B). Madison County filed a complaint for declaratory and injunctive relief, seeking to have the amendment, which was styled "Third Amendment to the Suwannee Valley Solid Waste Management Administration Amended and Restated Interlocal Agreement Now Known As The Aucilla Area Solid Waste Administration," and section 14(B) declared void. According to Madison County, section 14(B) renders a minority county's rights under the agreement illusory; thus, allowing section 14(B) to remain would render the entire agreement void ab initio and unenforceable. Madison County further contended that section 14(B) must be severed from the agreement pursuant to section 17. After Aucilla and Dixie, Jefferson, and Taylor Counties filed nearly identical answers, but raised no affirmative defenses, Madison County moved for judgment on the pleadings. The trial court declared the amendment to section 11(B) null and void ab initio, but left section 14(B) in effect. On appeal, the appellants/cross-appellees, Aucilla and Dixie, Jefferson, and Taylor Counties, contend that the trial court erred in concluding that the amendment was void ab initio. The appellee/cross-appellant, Madison County, contends that the trial court erred in failing to sever section 14(B) from the agreement. Because the trial court's judgment is in accord with the proper construction of the agreement, we affirm.
Pursuant to the principles of contract construction, we must construe the provisions of a contract in conjunction with one another so as to give reasonable meaning *417 and effect to all of the provisions. Hardwick Properties, Inc. v. Newbern, 711 So.2d 35, 40-41 (Fla. 1st DCA 1998). We are mindful that a contract provision specifically dealing with a particular subject matter controls over a provision generally dealing with that same subject matter. Island Manor Apartments of Marco Island, Inc. v. Div. of Florida Land Sales, Condominiums and Mobile Homes, 515 So.2d 1327, 1330 (Fla. 2d DCA 1987). In this case, section 11(B) expressly prohibits the acceptance of any solid waste generated outside the region, but goes on to provide for the amendment or elimination of this prohibition with the requisite approval of Aucilla and Madison County. Section 14(B), on the other hand, provides for the amendment of the agreement in general with the approval of three-fourths of the participating counties. Construing section 14(B) in conjunction with section 11(B) to give both sections reasonable meaning, we conclude that while section 14(B) generally governs the amendment of the agreement, the specific provisions of section 11(B) control when an amendment concerns the acceptance of solid waste generated outside the region. Therefore, the amendment authorizing the acceptance of out-of-region waste was void ab initio because Madison County did not approve of the acceptance of such waste as required by section 11(B). In reaching its conclusion, it was not necessary for the trial court to sever section 14(B) as the agreement can be construed to give reasonable meaning and effect to both section 11(B) and section 14(B).
Accordingly, we affirm the trial court's order.
AFFIRM.
ALLEN and BENTON, JJ., CONCUR.