937 So.2d 1204 (2006)
Mimi SHAW and her husband Perry Shaw, Appellants,
v.
PREMIER HEALTH AND FITNESS CENTER, INC., Appellee.
No. 1D05-6191.
District Court of Appeal of Florida, First District.
September 18, 2006.
Benjamin D. Rust, Tallahassee, for Appellants.
Ganesh Chatani of Fowler White Boggs Banker, P.A., Tallahassee, for Appellee.
THOMAS, J.
Appellants, Mimi and Perry Shaw, appeal the trial court's ruling granting final summary judgment in this negligence action. The sole issue on appeal is whether the trial court erred in finding that the waiver provision contained in the Membership Agreement clearly and unequivocally released Appellee from liability for its own negligent acts. We find that the waiver provision did clearly and unequivocally release Appellee from liability for its own negligence. We affirm the trial court's order granting summary judgment.
This court has held that clear and unequivocal exculpatory clauses which purport to release a party from liability for its own negligence are enforceable, even though such clauses are disfavored under the law. Borden v. Phillips, 752 So.2d 69, *1205 73 (Fla. 1st DCA 2000) (citing Theis v. J & J Racing Promotions, 571 So.2d 92, 94 (Fla. 2d DCA 1990)). The waiver provision at issue here stated:
Premier shall not be liable for any injuries or any damage to any member or guest, . . . or be subject to any claim, demand, injury or damages, whatsoever, including without limitation, those damages from acts of passive or active negligence on the part of Premier, its officers, employees, or agents. Member . . . does hereby expressly forever release and discharge Premier . . . from all such claims, demands, injuries, damages, actions or causes of action . . . . Member acknowledges that he/she has carefully read this paragraph and fully understands that this is a waiver and release of liability.

(Emphasis added.)
In their argument urging the invalidity of this provision, Appellants cite Ivey Plants, Inc. v. FMC Corp., 282 So.2d 205 (Fla. 4th DCA 1973), and argue that the intent to release Appellee from its own negligence was not clearly and unequivocally stated in the Membership Agreement because the two sentences in the waiver provision must be read separately. However, the contract in Ivey is distinguishable from the Membership Agreement here. In Ivey, the Fourth District determined that the exculpatory clause, which was not italicized in the agreement and stated that the appellee would not be liable for damages even if the damages resulted from its own neglect, was separate and distinct from the indemnification clause, which was italicized in the agreement and failed to specifically mention negligence. 282 So.2d at 207-08.
Here, nothing separates or distinguishes the two clauses. Contract provisions must be construed in conjunction with one another so as to give reasonable meaning and effect to all of the provisions. See Aucilla Area Solid Waste Admin. v. Madison County, 890 So.2d 415, 416-17 (Fla. 1st DCA 2004) (construing sections 11(B) and 14(B) together); Goyings v. Jack & Ruth Eckerd Found., 403 So.2d 1144, 1146-47 (Fla. 2d DCA 1981) (explaining that the provision in the agreement purporting to absolve appellees of liability was meaningless when read in conjunction with the provision agreeing to take reasonable care of the minor child). Reading the sentences of the Membership Agreement together, it is clear that the second sentence was intended to further explain the first sentence. See Banfield v. Louis, 589 So.2d 441, 444 (Fla. 4th DCA 1991) (holding that a waiver was clear and unequivocal even though the term "negligence" was only mentioned in the second sentence).
We find that the phrase "all such claims" refers back to "acts of passive or active negligence on the part of Premier." In addition, the last sentence in the Membership Agreement indicates that the entire paragraph is intended to be read together. Therefore, the trial court did not err in granting summary judgment in favor of Appellee.
AFFIRMED.
ERVIN and WEBSTER, JJ., concur.