[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14430
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-24128-JAL

ERIC O. SILVIN,

Plaintiff - Appellant,

versus

GEICO GENERAL INSURANCE COMPANY,
GEICO INDEMNITY COMPANY,
GEICO CASUALTY COMPANY,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 23, 2013)

Before CARNES, BARKETT and MARTIN, Circuit Judges.

PER CURIAM:

Eric O. Silvin brought a class action lawsuit against Geico General Insurance Company, Geico Indemnity Insurance Company, and Geico Casualty Company (collectively Geico), asserting that Geico violated the terms of its insurance policy through its practice of undercompensating auto insurance claims. Specifically, Silvin contested Geico's use of a "betterment adjustment," which reduces the amount that Geico pays to a policy-holder when the repairs increase the value of his vehicle. Silvin argued that the insurance policy did not allow for such an adjustment. The district court granted Geico's motion to dismiss, finding that Silvin failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) because the insurance contract allows for a betterment adjustment.

On appeal, Silven argues that the contract does not permit a betterment charge when the vehicle is repaired. He alternatively argues that the policy language is ambiguous, and should be interpreted in his favor. Geico responds that the district court properly interpreted the unambiguous terms of the contract. After careful consideration, we affirm the district court's dismissal of Silven's amended complaint.

I.

2

We review a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo, viewing the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).  "To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed."  James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (quotation marks omitted).

"The interpretation of provisions in an insurance contract is a question of law reviewed de novo."  Id.  In this diversity action brought in Florida, we apply Florida law because it is the substantive law of the forum state.  See id. at 1274 n.1. "Under Florida law, insurance contracts are construed according to their plain meaning.  Ambiguities in policy language are construed against the insurer in favor of coverage."  Id. at 1274 (quotation marks and citations omitted).

## II.

The insurance policy allows Geico to cover auto damage by either paying for the damage, or repairing or replacing the damaged parts.  Here, Geico opted to repair Silvin's damaged car.  Because Silvin's engine was replaced with a newer one, which increased the value of the car by $5,160.50, Geico deducted that amount from the total it paid Silvin.  Silvin argues that this charge was improper

because a betterment charge may only be applied when Geico pays for the damage, not when Geico repairs or replaces damaged parts.

To support his argument, Silvin points to the "Limit of Liability" section of the contract, which contains six enumerated paragraphs. Paragraph one provides that Geico's liability is limited to "the <u>actual cash value</u> of the property at the time of the <u>loss.</u>" The policy defines "actual cash value" as "the replacement cost of the auto or property less <u>depreciation</u> or <u>betterment</u>," meaning the term includes a betterment charge. Paragraph two explains, among other things, that Geico's liability "[w]ill not exceed the [cost] to repair or replace the property." Paragraph two does not refer to a betterment charge or "actual cash value." Accordingly, Silvin argues that Geico may apply a betterment charge when it pays for the damage, as provided for in paragraph one, but not when Geico repairs or replaces the damaged property, as provided for in paragraph two. Silvin urges that we read paragraphs one and two disjunctively, and conclude that Geico replaced his damaged engine under paragraph two, but could only have applied a betterment charge under paragraph one.

In assessing Silvin's claims, we "begin by looking to the language of the policy." <u>Travelers Indem. Co. v. PCR Inc.</u>, 889 So. 2d 779, 785 (Fla. 2004). The policy language reveals that Silvin's argument is unpersuasive for three primary reasons.

4

First, a review of the plain language contained in the "Limit of Liability" section does not suggest that the provisions should be read disjunctively. Unlike other clauses separated by an "or" in the same section, the paragraphs under the "Limit of Liability" heading are not separated by the word "or." Reading these provisions as if they were separated by the word "or," as Silvin urges, would ignore the Florida Supreme Court's admonition that we may not "rewrite contracts, [or] add meaning that is not present." Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co., 913 So. 2d 528, 532 (Fla. 2005) (quotation marks omitted).

Moreover, the six paragraphs describe varied liability limitations, including limits for personal effects, coverage of multiple and third-party trailers, and custom parts. It would be unreasonable to construe these as mutually exclusive provisions, rather than a list of liability limitations, especially when a claim could easily involve more than one of these provisions. We consider that "[c]ontract provisions must be construed in conjunction with one another so as to give reasonable meaning and effect to all of the provisions," Shaw v. Premier Health & Fitness Ctr., Inc., 937 So. 2d 1204, 1205 (Fla. 1st DCA 2006), and conclude that the terms in the paragraphs are conjunctive and should not be read as mutually exclusive.

Second, Silvin's argument that paragraph one does not cover property replacement is contrary to the policy language. The term "actual cash value" as found in paragraph one is defined as including "the replacement cost of the . . .

5

property less . . . betterment."  Substituting the term "actual cash value" with its definition shows that the language in paragraph one contemplates the replacement cost of property.  Exhibit B to Silvin's amended complaint shows that his engine was replaced, so Geico did not violate the terms of paragraph one when it limited its liability to "the replacement cost of the . . . property less . . . betterment."

Third, Silvin's argument that paragraph two is the exclusive provision addressing the replacement cost of property is unavailing.  As set out above, paragraph one addresses the cost of property replacement, and the paragraphs are not disjunctive or mutually exclusive.  Silvin's argument that Geico may not apply a betterment charge for replacements because paragraph two does not contain the term "betterment" or "actual cash value" is also unpersuasive.  The policy defines the term "betterment" as "the improvement of the auto or property to a value greater than its pre-loss condition."  The policy explains that "actual cash value" calculates the replacement cost of property.  It would violate the plain meaning of those terms to conclude that they could not be applied to the replacement of property.  See Taurus Holdings, Inc., 913 So. 2d at 532 ("[I]nsurance contracts are [to be] construed according to their plain meaning.").

Because we find Silvin's suggested interpretation to be unreasonable, we also reject his argument that the policy language is ambiguous.  Cf. James River Ins. Co., 540 F.3d at 1274 ("A contract provision is considered ambiguous if the

6

relevant policy language is susceptible to more than one reasonable interpretation .

. . .” (quoting <u>Taurus Holdings, Inc.</u>, 913 So. 2d at 532)).

For these reasons, we conclude that the insurance policy allows for a

betterment charge and we affirm the district court's dismissal.

**AFFIRMED**.